**FOREMAN v. HARRISON.**

Civil Action No. 46 C 2010.

United States District Court
N. D. Illinois, E. D.
June 1, 1948.

Jas. A. O'Callaghan, of Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., of Chicago, Ill., for defendant.

LA BUY, District Judge.

The above-entitled action having come duly on for trial before the Court without a jury upon stipulated facts, and the case having been submitted for decision upon briefs filed by both parties, the Court now makes and files Findings of Fact, Conclusions of Law, and Order for Judgment, as follows:

Findings of Fact.

1. The right to trial by jury has been waived. The Court has jurisdiction of the subject matter and parties involved.

2. Plaintiff, a resident and citizen of the city of Chicago, filed his individual income tax returns for the years 1941 to 1943, inclusive, with the defendant, who was the Collector of Internal Revenue for the First District of Illinois from August 8, 1933, to December 31, 1944.

3. Plaintiff filed his individual income tax return for the calendar year 1941 on March 2, 1942, showing a tax liability of $91,018.82, which amount was assessed on the March 1942 List of the Commissioner of Internal Revenue, and was paid to the defendant in installments as follows:

| March 2, 1942 | $45,509.41 |
| September 11, 1942 | 22,754.71 |
| December 2, 1942 | 22,754.70 |

4. Plaintiff filed his individual income tax return for the calendar year 1942 on March 9, 1943, disclosing a tax liability of $88,453.33, on account of which he paid $44,262.94. The balance of $44,190.39 was paid half on September 10, 1943, and half on December 13, 1943, in connection with plaintiff's Declaration of Estimated Tax for the calendar year 1943.

5. Plaintiff filed his individual income tax return for the calendar year 1943 on March 15, 1944, showing an income tax net loss of $21,091.62. Under the terms of Section 6(b) of the Current Tax Payment Act of 1943, 26 U.S.C.A. § 1622 note, plaintiff's 1942 tax liability became his 1943 tax, and was satisfied as shown by Paragraph 4 hereinabove.

6. On January 3, 1945, plaintiff filed a claim for refund of individual income taxes for the calendar year 1941, based on a claimed net operating loss sustained in 1943 and carried back as a net operating loss deduction for 1941. The claim was formally rejected by the Commissioner of Internal Revenue on December 16, 1946, on the ground that plaintiff's claimed loss in 1943 was not a net operating loss within the purview of Section 122 of the Internal Revenue Code, 26 U.S.C.A. § 122. This suit was filed on December 5, 1946.

7. On October 31, 1945, then Internal Revenue Agent Bernard Blum recommended allowance of the net operating loss claimed by plaintiff for the calendar year 1943 in the amount of $19,503.23, and its allowance as a net operating loss carryback deduction for 1941. The revenue agent's proposal would have resulted in a tax over-assessment for 1941 in the amount of $13,498.68. The agent's report was disapproved by the Bureau of Internal Revenue in Washington, D. C., and Agent Blum prepared and submitted a second report under date of January 28, 1946, recommending elimination of the net operating loss item. The second report was approved by the Commissioner of Internal Revenue.

8. Since 1914 to April 1, 1943, plaintiff was regularly engaged in and operated the business of manufacturing automobile and trailer parts in a plant owned by him at 5339-5353 South State Street, Chicago, Illinois. Plaintiff purchased the plant property in 1923, and used it exclusively in his manufacturing business. He sold the plant and manufacturing business, including the plant and equipment on April 1, 1943, and thereafter has not engaged in said business. No value was placed on good will.

9. Plaintiff's original income tax return for 1943 disclosed an operating profit in his manufacturing business from January 1, 1943, to April 1, 1943, in the amount of $7,022.07, as well as a profit on the sale of the manufacturing machinery and equipment in the amount of $3,875.50, but a loss of $38,209.39 on the sale of the factory building and land. In the amended return for 1943, which was filed as part of the claim for refund dated January 3, 1945, the operating profit from plaintiff's manufacturing business between January 1, 1943, and April 1, 1943, was shown as $6,483.43, with the profit on the sale of the machinery and equipment unchanged. No capital gains were reported. Other adjustments brought the net loss in question down to $19,503.23.

10. The original total cost of the land was $16,938.17; the original cost of the building plus additions $59,524.93; total depreciation on the buildings $28,253.71. The whole land and buildings were sold for $10,000 on April 1, 1943. The sale price was not broken down between land, buildings and additions.

### Conclusions of Law.

1. In applying Section 122 of the Internal Revenue Code, as effective in 1941 to 1943, a net operating loss to be available for carry-over or carry-back purposes must be one sustained as an incident to the ordinary and normal course of a trade or business regularly carried on by the taxpayer.

2. The interpretation of the Commissioner is that an isolated transaction involving the sale of building and land, formerly necessary incidents to an operating business, cannot be included within the statutory section allowing net loss carry-over or carry-back for the reason that such sale for the purpose of terminating the manufacturing activity cannot reasonably be construed to come within the category of a transaction incurred in the ordinary and normal course of a trade or business regularly carried on by the taxpayer. This interpretation is consistent with the language and intent of the statutory section.

3. The plaintiff not being in the business of selling land and buildings cannot carry-back his loss sustained in 1943 and charge the same against the net operating profit derived in 1941.

4. The defendant is entitled to judgment for dismissal of plaintiff's complaint and for his costs.

Let judgment be entered accordingly.