## SMITH v. UNITED STATES.

### Civ. No. 1449.

United States District Court
W. D. Tennessee, W. D.

Nov. 12, 1948.

Snowden, Davis, Brown, McCloy & Donelson, Memphis, Tenn., for plaintiff.

John Brown, U. S. Atty., Memphis, Tenn., for defendant.

BOYD, District Judge.

The plaintiff, Mrs. Walter Lane Smith, a resident citizen of Memphis, Tennessee, brings this action to recover Federal Income Taxes and interest, in the sum of $8,342.15, for the years 1942 and 1943, which she contends were erroneously and illegally assessed and collected.

The plaintiff contends she sustained a loss in the sale of an apartment building, known as the Deming Arms, located in the City of Chicago, Illinois, in the year 1941, which loss was an ordinary one and deductible under the provisions of Section 23(e), Internal Revenue Code, 26 U.S.C.A. § 23(e), and which she was entitled to carry over to the years 1942 and 1943, as a net operating loss deduction under Sections 122 and 23(s) of the Internal Revenue Code, 26 U.S.C.A. §§ 23(s), 122.

The defendant admits a loss was sustained by the plaintiff in the sale of the apartment building aforesaid but contends that same was not such a loss as could be carried over as a deduction to the years 1942 and 1943. It contends, in the alternative, the loss resulted from the sale of an asset used in a trade or business and, on this account, cannot be carried over as a net operating deduction under the provisions of Section 122(d) (5).

The Court, on the pleadings, proof, briefs and arguments of counsel, makes the following findings of fact:

I. Plaintiff, in 1928, acquired from her husband the apartment building herein, known as the Deming Arms, which she man-

aged and operated through one George Gee, as agent, until March 15, 1941, when she sold same at a loss of $72,841.47. Another apartment building, known as the Claremont, was taken in trade by the taxpayer, at a valuation of $50,000.00, as a part of the consideration for the sale of the Deming Arms. It was disposed of shortly thereafter through sale by the taxpayer for the sum of $42,250.00.

II. Plaintiff deducted the total loss on the sale of the Deming Arms, aforesaid, as an ordinary loss incurred in plaintiff's trade or business in the year 1941, and carried over the balance as a net operating loss deduction against her income in the taxable years 1942 and 1943.

III. During the period of plaintiff's ownership of the Deming Arms, and while same was being operated, or rented out, by her agent, it was listed with a real estate firm in the City of Chicago, Illinois, and continuously offered for sale. During that time the property was shown to approximately eighty (80) prospective purchasers.

IV. Prior to the death of taxpayer's husband, in 1931, she was the owner of a small duplex apartment, located at 580 Poplar Avenue, in the City of Memphis, Tennessee; stock in the Jefferson Investment Company, of Memphis, Tennessee, which owned and operated its only asset, the Jefferson Garage, and stock in the Smithdale Coal Company, in Jefferson County, Alabama, whose only asset was coal producing lands.

V. At her husband's death, the taxpayer became the owner by inheritance of other properties, including a certain number of small building lots in two subdivision developments known as the Belmont Subdivision and the Richland Place Subdivision. These were sold by the plaintiff taxpayer through her son and agent, Walter Lane Smith, at intervals between 1936 and 1947. She also inherited from her husband a commercial lot on Jefferson Avenue, a residential lot on Central Avenue, and a part interest in a commercial building on Madison Avenue, all in the City of Memphis, Tennessee, and an interest in acreage near Sweetwater, Tennessee, acreage in Scott County, Arkansas, Clark County, Mississippi, and Stillwater, Minnesota, summer cottages at Linville, North Carolina and Monteagle, Tennessee. In addition, taxpayer inherited from her husband stock in a corporation whose assets consisted of timber lands in the State of Florida.

VI. Taxpayer also inherited from her husband an interest in a syndicate which owned certain property at Camp Mountain, North Carolina, and, later, in 1936, acquired for her own account the remainder of this property from other interested parties. This property was disposed of through sale by the taxpayer in 1943.

VII. The taxpayer, through purchase, acquired a brick building located at 284 East McLemore Avenue, in the City of Memphis, Tennessee, known as the Kroger Store property, in April 1942, which is presently held by her. In February 1942, taxpayer purchased a brick building located at 1359 Madison Avenue, in the City of Memphis, Tennessee, which is also owned by her at this time.

VIII. From the year 1931 to the present time all matters pertaining to the taxpayer's real estate holdings have been handled by her son, Walter Lane Smith, as her agent. Neither the taxpayer nor her agent, Walter Lane Smith, have been at any time licensed real estate agents. Substantially all of taxpayer's real estate holdings since the year 1931, have been listed with licensed real estate agents. During this time infrequent sales of same totalling $300,000.00, were made. During the same period purchases totalling $100,000.00, which included the Claremont Apartment taken in connection with the sale of the Deming Arms Apartment were made for the taxpayer's account.

IX. From 1931 to the present time, plaintiff has disposed of the great majority of her real estate holdings by sale, it being her purpose to dispose of such holdings from the investor's view point and to terminate her activities in the real estate investment field.

X. During the years 1940 to 1943, both inclusive, for which years financial statements are in evidence, the greater part of taxpayer's income was derived from investments other than real estate.

XI. Though plaintiff owned a number of real properties dating from the year 1931, she was not regularly engaged in the established business of buying and selling real estate for profit and was not, at any time, in the real estate business in the true sense of that term. Such real estate as she held was for income producing and investment purposes only.

Taxpayer, for all intents and purposes, was only a passive investor in real estate and the sales and purchases made by her from time to time were made from the investment point of view. There was no continuity in the sales and purchases made by her and such transactions as she had were only occasional and at infrequent intervals.

XII. The admitted loss resulting to the taxpayer from the sale of the Deming Arms Apartments was not sustained as an incident to the ordinary and normal course of operations of a trade or business regularly carried on, or engaged in, by the taxpayer.

XIII. With respect to the Deming Arms property the only business the taxpayer engaged in from the date of its acquisition until the date of its sale, in the year 1941, was that of operation and management for the production of rental income and the taxpayer's business with respect to the loss sustained on this property was that of managing and operating income producing real estate. Her loss during 1941 resulted from the sale of an asset previously used in the business of managing and operating income producing property and the sale of same marked the termination of that activity. Immediately following the sale of the Deming Arms Apartments taxpayer's rental income on other holdings was reduced to a nominal figure.

### Conclusions of Law

[1] I. The Court has jurisdiction of the parties and of the subject matter of this law suit.

II. The plaintiff has the burden of establishing by clear and convincing evidence that the Commissioner's determination of the tax herein was erroneously and illegally assessed.

[3, 4] III. The loss arising from the sale of the Deming Arms Apartments by the plaintiff in 1941, was not a loss arising from the operation of a trade or business regularly carried on by the plaintiff taxpayer. A "trade or business" is that which occupies the time, attention and labor of a person for the purpose of a livelihood or profit.

IV. The loss arising from the sale of the Deming Arms Apartments by the plaintiff in 1941, was not deductible as a net operating loss deduction pursuant to Sections 122 and 23(s) of the Internal Revenue Code, and such loss cannot be carried over to the years 1942 and 1943.

V. The plaintiff has not carried the burden of establishing by clear and convincing evidence that she is entitled to recover the sum herein sued for.

### Order for Judgment

Judgment in accordance with the foregoing Findings of Fact and Conclusions of Law will be submitted for entry within five days.