**PETTIT et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12583.

United States Court of Appeals Fifth Circuit.

June 3, 1949.

H. M. Voorhis, Orlando, Fla., for petitioners.

L. W. Post, Ellis N. Slack, Louise Foster, Spl. Assts. to Atty. Genl., Theron L. Caudle, Asst. Attorney General, Charles Oliphant, Chief Counsel, Bur. Int. Rev., Washington, D. C., Rollin H. Transue, Spl. Atty., Bur. Int. Rev., Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

The taxpayers, having in 1931 bought an orange grove in California, and having operated it at a loss (except for one year) sold the land and equipment constituting the business plant in 1942 at a loss of $27,023. The Commissioner allowed $4,264 of this loss to be carried back to eliminate the net income in 1941, and refunded the tax for 1941. Taxpayers sought in 1943 to carry forward the remaining $22,759 of the 1942 loss as a deduction in 1943, claiming it to be a "net operating loss" under Internal Revenue Code, Sec. 23(s) and Sec. 122(b) (2), 26 U.S.C.A. §§ 23(s), 122 (b) (2). The Commissioner held that the loss was an ordinary loss that could not be so carried forward, and the Tax Court sustained him. There is room for doubt growing out of intricate provisions of the statute and the history of this and precedent legislation and former regulations; but we think this loss was not one incurred in the operation of a trade or business, and so not an operating loss at all. The business had

been abandoned. The plant was sold not in operating the business, but because the business was not to be operated any more. A deduction to be allowed must always be clearly authorized by law. We follow Lazier v. United States, 8 Cir., 170 F.2d 521, and the

Judgment is affirmed.