## SIC v. COMMISSIONER OF INTERNAL REVENUE.
### No. 13872.

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1949.
Rehearing Denied Nov. 18, 1949.

4. 171 A.L.R. 7.

470

John W. Stewart, Lincoln, Neb. (Don W. Stewart, Lincoln, Neb., was with him on the brief), for petitioner.

Harry Marselli, Special Assistant to the Attorney. General (Theron Lamar Caudle, Assistant Attorney General, and Ellis N. Slack and Edward J. P. Zimmerman, Special Assistants to the Attorney General, were on the brief), for respondent.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court determining a deficiency in the petitioner's income tax for the calendar year 1943.

The facts were stipulated. The petitioner is a retired farmer who filed income tax returns for the years 1942 and 1943 with the Collector of Internal Revenue at Omaha, Nebraska. During those years petitioner lived on a farm and was engaged in the business of farming. In 1919 he had purchased an unimproved farm near his home place, and from that time until 1942 he cultivated this farm land in the course of his farming activities. On January 7, 1942, he sold the land at a loss of $15,300. In his income tax return for 1943 he undertook to deduct from his net income from farming a part of this loss as a net operating loss carry-over, under § 122 of the Internal Revenue Code, as amended, 26 U.S. C.A. § 122. The Commissioner of Internal Revenue disallowed the deduction. The Tax Court sustained the Commissioner on the ground that, since the petitioner was not engaged in the business of buying and selling farm land, the loss from the sale of the farm was not a net operating loss "attributable to the operation of a trade or business regularly carried on by the tax- payer", and therefore was not deductible because of the limitation contained in § 122(d) (5) of the Internal Revenue Code, as amended. It was agreed by the parties that if the claimed deduction was erroneously disallowed, the petitioner was entitled in 1943 to a deduction of $3,364.93 as a net operating loss carry-over from the year 1942.

Counsel for petitioner concede that if this Court adheres to its decision in Lazier v. United States, 8 Cir., 170 F.2d 521, which sustained a similar ruling of the Commissioner and the Tax Court, the decision under review must be affirmed. They urge us, however, to overrule our decision in the Lazier case. They believe that if in the Lazier case our attention had been called to the decision of this Court in Washburn v. Commissioner of Internal Revenue, 8 Cir., 51 F.2d 949, the decision in the Lazier case would have been different.

The Washburn case, which was decided in 1931, involved the construction of subdivisions (a) and (b) of § 204 of the Revenue Act of 1921, 42 Stat., c. 136, pp. 227, 231 (now repealed). Section 204(a) provided: "That as used in this section the term 'net loss' means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer *(including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business);* * * *." [Italics supplied.] Section 204 (b) provided: "If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *." This Court held in the Washburn case that the taxpayer, who had sustained a loss from the sale of the capital stock of a railroad company which he managed in the conduct of his business, was entitled to deduct the loss as

a net operating loss of such business. It is to be noted that § 122 of the Internal Revenue Code, as amended (which is quoted in full in the case of Lazier v. United States, supra, page 523 of 170 F.2d), does not expressly authorize the carrying over or carrying back of net *"losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business."* It is our opinion that the decision in the Washburn case would not justify this Court in overruling the Lazier case.

The Lazier case has been followed in Pettit v. Commissioner of Internal Revenue, 5 Cir., 175 F.2d 195. The decision of the Tax Court in Merrill v. Commissioner of Internal Revenue, 9 T.C. 291, a case which bears some analogy to the Lazier case, was affirmed by the Court of Appeals of the Second Circuit in 173 F.2d 310.

We think our decision in the Lazier case was correct and should be adhered to.

The decision of the Tax Court is affirmed.