JOE B. LUTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32533. Promulgated September 29, 1952.

*Ed. M. Lowrance, Esq.*, for the petitioner.
*William W. Oliver, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge:* In summary, the pertinent facts are these, that petitioner during 1948 received income and sustained losses as follows:

| Item | Amount |
|---|---|
| (1) Salary and interest income | $4, 441. 35 |
| (2) Loss upon the sale of equipment used in the operation of the restaurant | 8, 830. 70 |
| (3) Loss in the operation of a restaurant | 3, 667. 19 |

The first issue is whether the loss upon the sale of the equipment used in the operation of the restaurant in the amount of $8,830.70 is a part of petitioner's net operating loss within the meaning of section 122 (a) of the Code, which provision is set forth in the margin.[1]

The petitioner's contention here, and his authority, were rejected by the Court of Appeals in *Sic* v. *Commissioner*, 177 F. 2d 469, certiorari denied 339 U. S. 913, affirming 10 T. C. 1096. For the reasons stated by us in the *Sic* case, *supra*, and by the Eighth Circuit in affirming us, we decide the first issue for the respondent. The *Sic* case, and other cases cited therein which are controlling on the first issue, stand for the proposition that the loss upon the sale of property used in an individual's business may not be incorporated into and become a part of the statutory net operating loss. Applying this principle of law to the facts presented in this proceeding, the petitioner's statutory net operating loss is limited to $3,667.19, the amount of the loss which it has been stipulated was actually sustained by petitioner in the operation of his

---

[1] SEC. 122. NET OPERATING LOSS DEDUCTION.

(a) DEFINITION OF NET OPERATING LOSS.—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

restaurant business during 1948, see Item (3) in the summary of facts above.

The second issue, stated as a proposition of law by respondent in his brief, is that "The operating loss from the operation of the restaurant must be offset against the salary [and interest] and there is no resultant net operating loss." Neither petitioner nor respondent has cited cases relating to this point of law, and we have found none. It, of course, goes without saying that if the only loss which petitioner had in 1948 was his operating loss of $3,667.19 from his restaurant business, there would be no net operating loss to carry back to 1946, because he had gross income of $4,441.35 in 1948 from other sources and that would be more than sufficient to absorb his net operating loss from his restaurant. But petitioner's net operating loss of $3,667.19 was not his only loss. He had a loss of $8,830.70 from the sale of his restaurant equipment and it is how to treat that loss which presents the problem with which we have here to deal. The question, therefore, is one involving the method to be used in computing petitioner's net operating loss for 1948, which petitioner would have us compute as follows:

### Year—1948

| | |
|---|---|
| (a) Salary and interest income | $4,441.35 |
| (b) Less: Loss upon sale of assets used in operation of the restaurant | 8,830.70 |
| (c) Unused portion of loss upon sale of assets | 4,389.35 |
| (d) Loss from (c) available for carry-back purposes | 4,389.35 |
| (e) Loss in the operation of the restaurant | 3,667.19 |
| (f) Loss available for carry-back purposes | $8,056.54 |

At this point it is to be noted that we have already decided (b) above may not be included in the statutory net operating loss and that petitioner's net operating loss may not exceed $3,667.19, see (e). As so corrected, then petitioner's computation, as we view it, should be as follows:

### Year—1948

| | |
|---|---|
| (a) Salary and interest income | $4,441.35 |
| (b) Less: Loss upon sale of assets used in operation of restaurant | 8,830.70 |
| (c) Unused portion of loss upon sale of assets | 4,389.35 |
| (d) Loss from (c) above available for carry-back purposes | 0 |
| (e) Add: Loss in the operation of the restaurant | 3,667.19 |
| (f) Loss available for carry-back purposes | $3,667.19 |

In this computation we note that first of all petitioner takes the difference between (a) and (b). The loss upon the sale of the non-capital assets, (b), exceeds the interest income and salary received by petitioner during that year. As a result of this first step, there remains no income by which the operating loss sustained in the operation of the business, (e), must be reduced in computing petitioner's statutory net operating loss. Accordingly, the net operating loss of the petitioner for the year 1948 under this method of computation would be $3,667.19.

Respondent, on the other hand, contends the computation of petitioners net operating loss for the year 1948 must be computed as follows:

a. Salary and interest income_____ $4,441.35
b. Less: Loss in the operation of the restaurant_____ 3,667.19

c. Net—Balance of petitioner's income_____ 774.16

d. Less: Loss upon sale of assets used in the operation of the
restaurant _____ 8,830.70

e. Net—Unused portion of loss upon sale of assets used in the operation of the restaurant_____ 8,056.54
f. Loss available for carry-back purposes_____ 0

It is the respondent's contention that in computing petitioner's net operating loss for the year 1948, the net loss incurred in the operation of the business must first be applied to offset petitioner's salary and interest income and that the loss realized by petitioner upon the sale of his business assets may not be applied first to offset petitioner's salary and interest income. Under respondent's computation, since petitioner's salary and interest income exceed his net operating loss from the restaurant, there is no statutory net operating loss sustained by petitioner during the year 1948.

As we heretofore stated, there appeared to be no previous cases involving this question and the Code is silent on the subject. The statutory definition of "net operating loss" is contained in section 122 (a) of the Code, supra, which refers us in turn to subsection (d) of section 122. In this subsection six adjustments are provided for, and of these adjustments only (4) and (5) have been cited by the parties as having any application here. They are set forth in the margin.[2]

---

[2] SEC. 122. NET OPERATING LOSS DEDUCTION.

(d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:

*　　*　　*　　*　　*　　*　　*

(4) Gains and losses from sales or exchanges of capital assets shall be taken into account without regard to the provisions of section 117(b). As so computed the amount deductible on account of such losses shall not exceed the amount includible on account of such gains.

In respect to subsection (4), which relates to gains and losses from sales or exchanges of capital assets, the loss sustained by petitioner upon the sale of the equipment used in the operation of his restaurant was not a loss from the sale of capital assets for the reason that the assets in question are not capital assets. For the definition of capital assets see section 117 (a) (1) of the Code, particularly section 117 (a) (1) (B). Subsection 4, therefore, has no application here.

In respect to subsection (5), we are also unable to see where it has any application to the facts which have been stipulated. In the instant proceeding, we have a taxpayer who sustained a loss in the taxable year upon the sale of noncapital assets exceeding the total of all the income earned by petitioner during that year. In the same taxable year, the taxpayer also sustained a net operating loss which it has been stipulated was $3,667.19. Essentially, the question here is whether, in computing petitioner's statutory net operating loss, the other income earned during 1948 is to be applied, first, against the net loss sustained in operating the business, or, first, against the loss realized from the sale of noncapital assets. Just as the Code fails to enlighten us as to the proper answer to this question, so do the Treasury Regulations. See section 29.122–3 of Regulations 111 printed in the margin.[3]

If petitioner's 1948 income and losses be considered as nonbusiness or business and are divided up accordingly, the following result is obtained:

| | |
|---|---:|
| Nonbusiness income | $4,441.35 |
| Nonbusiness losses | 8,830.70 |
| Business income | 0 |
| Business losses | 3,667.19 |

The loss realized by petitioner from the sale of noncapital assets was incurred in an isolated transaction and this is so even though the

---

(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. For the purposes of this paragraph deductions and gross income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection.

[3] SEC. 29.122–3. COMPUTATION OF NET OPERATING LOSS IN CASE OF A TAXPAYER OTHER THAN A CORPORATION.—(a) *General.*—A net operating loss is sustained by a taxpayer other than a corporation in any taxable year if and to the extent that, for such year, there is an excess of deductions allowed by chapter 1 over gross income, both computed with the following exceptions and limitations:

  *   *   *   *   *   *

(7) Ordinary nonbusiness deductions (i. e., exclusive of capital losses) shall be allowed only to the extent of the amount of ordinary nonbusiness gross income (i. e., exclusive of capital gains), plus (A) for any taxable year beginning after December 31, 1938, and before January 1, 1942, the excess, if any, of nonbusiness long-term and short-term capital gains over nonbusiness long-term and short-term capital losses, respectively, and (B) for any taxable year beginning after December 31, 1941, the excess, if any, of nonbusiness capital gains over nonbusiness capital losses.

assets were used in petitioner's restaurant business. This loss was incurred outside the restaurant, which petitioner operated as his business, for petitioner was not in the business of selling equipment to be used in operating a restaurant. This loss was a nonbusiness loss, and is to be distinguished from deductions from adjusted gross income in arriving at net income. Likewise, the salary and interest received by petitioner were earned by him outside his restaurant business. We can see no reason why the nonbusiness income and the nonbusiness losses of the petitioner may not first of all be offset against each other in computing his net operating loss. When the nonbusiness income and nonbusiness losses are so treated, there remains for the petitioner a nonbusiness loss, which, of course, may not be included in the net operating loss of the petitioner. There does remain, however, the business loss of $3,667.19 sustained by petitioner which, according to the stipulation of facts, becomes his net operating loss for the year 1948.

Petitioner, having sustained a net loss from the operation of his business, is one of the class of taxpayers for whom the statute was designed to afford relief. The construction which we have given the statute and the method adopted here for computing the net operating loss are consistent with the general objectives of the statute. We here have found as a fact that petitioner during 1948 sustained a net operating loss from his restaurant and we can see no reason why he is not entitled to use that loss as his statutory net operating loss for the year 1948. The methods used in respondent's computations deny petitioner the benefits of the net operating loss carry-back to which we think he is entitled. We have found, therefore, that for the year 1948 petitioner sustained a net operating loss of $3,667.19 which he is entitled to carry back and use as a deduction in computing his net income for 1946, as provided in section 23 (s) of the Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

------

RAUM, *J.*, dissenting: The taxpayer had salary and interest income in 1948 in the amount of $4,441.35. In that same year he sustained a "business" loss in the amount of $3,667.19 and a "nonbusiness" loss in the amount of $8,830.70. The Commissioner required him to apply the business loss against his salary and interest, before charging the nonbusiness loss against such income. As a result, the business loss was completely absorbed, and no part of it remained to be carried back to 1946.

I agree with the Court's decision that the Commissioner's action was arbitrary. However, I think that the result reached by the Court is

equally without justification. For, the Court simply reverses the order, and charges the nonbusiness loss against income in the first instance. I find nothing in the statute that calls for such a result, nor am I able to find any reason in the Court's opinion which supports its conclusion. Perhaps the only fair and correct result is to apply both losses, business and nonbusiness, proportionately against petitioner's salary and interest income. But whatever the proper method may be, I am satisfied that the method employed in the Court's opinion has no support in the statute.

TURNER, *J.*, agrees with this dissent.