## GREENFIELD v. UNITED STATES.
### No. 215.

United States Court of Claims.
Dec. 1, 1953.

Llewellyn A. Luce, Washington, D. C., for plaintiff.

Walter H. Beaman, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This case comes before us on defendant's motion to dismiss. Plaintiff sues to recover some $10,411.75 said to have been illegally and erroneously collected from him as income taxes for the year 1947 by the Collector of Internal Revenue, Nashville, Tennessee.

The sole issue presented is whether or not a loss of $19,438.97 incurred by plaintiff during 1949 in the sale of certain store equipment, a safe, and leasehold improvements incident to the closing out of one of the two retail dry goods stores owned by him was a "net operating loss" within the meaning of section

122(d)(5) Internal Revenue Code,[1] thereby entitling plaintiff to carry it back to 1947 as a "net operating loss deduction" for that year. The facts as set out in the petition may be briefly summarized.

Plaintiff is a resident of Memphis, Tennessee, where during the years 1947, 1948, and a portion of 1949, he operated a retail merchandise store known as "Standleys." At the same time he operated a business called "The Dress Up Shop" in Wynne, Arkansas. The operation of Standleys resulted in losses during 1947 and 1948, and in January of 1949 plaintiff closed it down.[2] After closing the store, the leasehold improvements, store equipment, and a safe were sold for an aggregate price of $3,750. These assets had cost the plaintiff $28,721.85, and had depreciated $6,747.88, so that for tax purposes they had an adjusted basis of $21,973.97. The expenses of sale amounted to $1,215, and the resulting net loss on the sale of these assets was $19,438.97.

The deduction of this loss from plaintiff's 1949 income produced a net loss for that year. Plaintiff treated this net loss as a net operating loss and filed an application for a tentative carry-back adjustment with the Collector of Internal Revenue, requesting therein that the amount of the loss be carried back to 1947 and applied to reduce 1947 income. The request was tentatively allowed and the result was a refund of the entire amount of the plaintiff's 1947 income tax.

Upon examination of plaintiff's 1947, 1948, and 1949 returns by a revenue agent, the net loss in 1949 was recognized but the agent refused to treat it as a net *operating* loss. The reason given for the refusal was the fact that the loss arose from the disposition of depreciable noninventory property rather than the operation of the business. The result of the agent's determination was the disallowance of the claimed carry-back from 1949 to 1947. This disallowance, plus certain adjustments to the 1947 return not here in issue, resulted in a 1947 deficiency of $9,424.30, which was assessed by the Commissioner and paid by the taxpayer with interest of $987.45. Plaintiff filed a claim for refund which was rejected by the Commissioner. This suit was then instituted.

Plaintiff's position is, in essence, that inasmuch as the property sold was not a capital asset, as that term is defined in section 117(a) (1) of the Code,[3] and qualifies as "property used in the trade or business" under section 117(j) (1),[4]

1. 26 U.S.C. §§ 23(s) and 122, 53 Stat. 867, amended, 56 Stat. 798.

2. The store at Wynne, Arkansas, has continued in operation.

3. "The term 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include * * * property, used in the trade or business of a character which is subject to the allowance for depreciation provided in section 23 (*l*), * * * or real property used in the trade or business of the taxpayer". 26 U.S.C. § 117(a) (1) 1946 Ed.

4. "(1) Definition of property used in the trade or business. For the purposes of this subsection, the term 'property used in the trade or business' means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (*l*), held for more than 6 months, and real property used in the trade or business, held for more than 6 months, which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year, or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. * * *

"(2) General rule. If, during the taxable year, the recognized gains upon sales or exchanges of property used in the trade or business, plus the recognized gains from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation or the threat or imminence thereof) of property used in the trade or business and capital assets held for more than 6 months into other property or money, exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be con-

the loss resulting from its disposition therefore qualifies as a "net operating loss" within the meaning of sections 23 (s) and 122, cited supra. We do not agree.

The pertinent sections of the Code provide:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions: * * *

"(s) *Net operating loss deduction.* For any taxable year beginning after December 31, 1939, the net operating loss deduction computed under section 122."

"§ 122. Net operating loss deduction.

"(a) As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d). * * *

"(d) *Exceptions, additions, and limitations.* The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows: * * *

"(5) Deductions otherwise allowed by law *not attributable to the operation of a trade or business regularly carried on* by the taxpayer shall (in the case of a taxpayer *other than a corporation*) be allowed only to the extent of the amount of the gross income not derived from such trade or business. For the purposes of this paragraph deductions and gross income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection. * * * [Italics ours.]

It is not asserted that plaintiff had sufficient non-business income to allow the inclusion of the 1949 loss on that basis and it is therefore necessary that the loss of $19,438.97 be held to have been "attributable to the operation of a * * * business regularly carried on" within the meaning of the statute before plaintiff is entitled to a carry-back in that amount.

We had occasion to construe these sections of the Code and to consider the precise question presented by this litigation in the recent case of Appleby v. United States, Ct.Cl., 116 F.Supp. 410. After a review of the history and purpose of section 122(d) (5) this court concluded at page 414:

"In view of the purpose of the 'net operating loss' deduction as indicated by the legislative history and judicial constructions of the provision, we are inclined to the view that to be exempt from the application of [the section] a loss must be * * * incurred in the *normal* day to day *operation* of the enterprise.

* * * * * *

"[This] conclusion * * * is the underlying rationale of the position taken by the Commissioner of Internal Revenue, and the courts which have considered the question, that is, that a loss from the sale of property merely *used* in connection with a business, other than that of buying and selling such property, is not deductible under section 122. [Citing Lazier v. United States, 8 Cir., 170 F.2d 521, 9 A.L.R.2d 324; Smith v. United States, D.C., 85 F. Supp. 838, affirmed 6 Cir., 180 F.2d 357; Sic v. Commissioner, 8 Cir., 177 F.2d 469, certiorari denied 339 U.S. 913, 70 S.Ct. 572, 94 L.Ed. 1339; Pettit v. Commissioner, 5 Cir., 175 F.2d 195; Baruch v. Commissioner, 11 T.C. 96, affirmed 2 Cir., 178 F.2d 402]

The Appleby case, supra, involved the sale of certain property held by plaintiffs

sidered as gains and losses from sales or exchanges of capital assets held for more than 6 months. If such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets. * * *" 26 U.S.C. § 117(j) 1946 Ed.

for the production of rental income because it had become unproductive for such purposes. We held that while the property had been *used* in plaintiff's business, that business was not the buying and selling of real estate and consequently the losses incurred did not arise from the *normal operation* of the business as contemplated in section 122(d)(5). This holding we regard as controlling here. Plaintiff seeks to discount the validity of some of the cases cited above on the basis of *dicta* by the Supreme Court in the case of Reo Motors v. Commissioner, 338 U.S. 442, 70 S.Ct. 283, 94 L.Ed. 245. The Court, however, was there dealing with a Corporate taxpayer to whom the section here under consideration is expressly made inapplicable. Similarly, the *dicta* from other cases relied on by plaintiff, the holdings of which are adverse to the taxpayer, are insufficient to warrant a different result here.

Plaintiff has not contended that he is in the business of buying and selling store equipment, safes, and leasehold improvements, and if the sales here in question were a normal part of his *operation*, as that term is used in the statute, his entire business would have long since terminated.

The petition is dismissed. It is so ordered.

MADDEN and LITTLETON, Judges, concur.

WHITAKER, Judge (concurring).

I think the question presented in this case is different from that presented in the Appleby case, supra. Here the loss was sustained from a partial liquidation of plaintiff's business, and not from the operation of it, and, therefore, cannot be carried back to prior years. On the other hand, in the Appleby case, a piece of unproductive rental property was sold, but the proceeds were used to buy other rental property, or used in some other way in continuing to carry on plaintiff's business of renting property.

In this case there was a liquidation; in the Appleby case there was a sale in order to continue the successful operation of the business.

For this reason I concur in this decision, although I am still of the opinion the Appleby case was wrongly decided.