HELEN GOBLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49121. Filed December 31, 1954.

*Albert P. Madgett, Esq.*, for the petitioner.
*Stanley E. Jennings, Esq.*, for the respondent.

OPINION.

FISHER, *Judge:* All of the facts have been stipulated and are incorporated herein by reference.

Petitioner, Helen Goble (formerly Helen Marble), is a resident of Roseland, Nebraska, and filed timely Federal income tax returns for the years 1949 and 1950 with the then collector of internal revenue for the district of Nebraska.

Petitioner owns 920 acres of farm land located about 2½ miles west of Roseland. For a number of years prior to 1949, throughout the years 1949 and 1950, and in the years following, petitioner continuously used this land to carry on a farm business comprised of breeding and raising livestock and growing crops for feed and for market. In connection with the operation of the farm, petitioner purchased machinery, tools, and equipment for the purpose of tilling the soil, seeding, cultivating, and harvesting crops, and for feeding and caring for livestock. Petitioner has also, in connection with the operation of said farming business, sold, traded, or exchanged livestock, machinery, tools, and equipment which were not economically useful or productive in the farming operation.

The stipulation of facts contains, *inter alia*, the following:

The purchase, trade and sale of farm machinery as conducted by the petitioner was incidental to the operation of the farming business, regularly carried on by the petitioner, in that the equipment referred to was used in the farming operation and was disposed of when no longer economically productive or useful in the farming operations.

The petitioner has not engaged in the business of buying and selling either new, used, or salvaged farm machinery, tools, or equipment as a dealer therein; the purchases, sales, trades, and exchanges of farm machinery, tools, and equipment referred to hereinbefore were for the purposes of obtaining such things for use in the farming operations regularly carried on by the petitioner and to dispose of those things no longer economically productive or useful in the farming operations.

The petitioner did, during the years 1949 and 1950 and subsequent thereto, conduct the business of farming as aforesaid and has not terminated any of her farming operation as a result of the sale of any farm machinery.

The farm machinery sold in 1949 was only a portion of the machinery owned and used by the petitioner, and such sale was not conducted for the purpose of terminating her farming activity.

During the year 1949, petitioner sold a boar and certain farm machinery which she no longer considered economically useful in the operation of her farm. Appropriate deductions for depreciation had been claimed for all of the items sold except those purchased in 1949. A total loss of $2,956.37 was sustained on the sale of these items. The

sale was incidental to petitioner's farming operation and there was no consequent discontinuance or termination of that operation or any part thereof.

Section 23(s) of the Internal Revenue Code of 1939 allows a net operating loss as computed under section 122 to be deducted from gross income. Net operating loss is defined as the excess of deductions allowable under chapter 1 of the Code over gross income, subject to the exceptions, additions, and limitations provided for in subsection (d) of section 122. Paragraph (5) of subsection (d) excludes, for the purpose of carry-back and carry-over, deductions otherwise allowed by law which are not attributable to the operation of a trade or business regularly carried on.

In the instant case the animal and all of the farm machinery, tools, and equipment sold by petitioner in 1949 represented depreciable property used in petitioner's farm business, and under the provisions of section 117 (j) the loss sustained on the sale was deductible in full for the year 1949. For petitioner, this resulted in a "net loss" in 1949 which she claimed as a "net operating loss" carry-over in the year 1950. It is clear that not every net loss resulting from allowable deductions qualifies as a net operating loss which may be carried forward. Petitioner must show that the loss sustained on the sale of the animal and the farm machinery in 1949 was attributable to the operation of a trade or business regularly carried on within the meaning of section 122(d)(5).

The respondent's position is that the loss sustained by petitioner was not attributable to the operation of a trade or business regularly carried on, within the meaning of section 122(d)(5), on the theory that petitioner was not regularly engaged in the business of trading or dealing in farm machinery and equipment. Respondent relies upon numerous authorities, including *Joseph L. Merrill*, 9 T. C. 291 (1947), affd. (C. A. 2, 1949) 173 F. 2d 310; *Joseph Sic*, 10 T. C. 1096 (1948), affd. (C. A. 8, 1949) 177 F. 2d 469, certiorari denied 339 U. S. 913 (1950); *Lazier* v. *United States*, (C. A. 8, 1948) 170 F. 2d 521; *Hartwig N. Baruch*, 11 T. C. 96 (1948), affirmed per curiam (C. A. 2, 1949) 178 F. 2d 402; *Smith* v. *United States*, (D. Tenn., 1949) 85 F. Supp. 838, affirmed per curiam (C. A. 6, 1950) 180 F. 2d 357; *Joe B. Luton*, 18 T. C. 1153 (1952); *Jay Burns*, 21 T. C. 857 (1954), on appeal (C. A. 5, 1954); *Pettit* v. *Commissioner*, (C. A. 5, 1949) 175 F. 2d 195, affirming a Memorandum Opinion of this Court; *Foreman* v. *Harrison*, (N. D. Ill., 1948) 79 F. Supp. 987, and I. T. 3711, 1945 C. B. 162. On the basis of these authorities, respondent contends, in effect, that in order for a loss resulting from a sale of assets to qualify as a net operating loss in accordance with section 122 (d)

(5) the taxpayer must have been engaged, as a trader, in the business of buying, selling, trading, or otherwise dealing in that asset.

Petitioner, on the other hand, argues that the loss was sustained in transactions which constituted a practical, regular, and integral part of the continuing operation of the farm business, and, therefore, being properly attributable to the operation of that business, may be carried forward as a net operating loss under section 122 (d) (5). Petitioner contends that this position is not inconsistent with the holdings in the cases relied on by respondent since, in the circumstances of the instant case, the sales were not mere isolated transactions, the assets sold consisted of an animal and farm machinery which were no longer economically useful in her farm business, and the sales were made in the regular and customary course of conducting her farming business without effecting either a partial or total termination or liquidation of that business.

In *Joseph L. Merrill, supra*, we considered whether a loss sustained on the transfer of a retiring partner's interest in a partnership to the remaining partners could be carried over as a net operating loss, and we held that it could not, since the transfer of the partnership interest "was not a part of the business of the partnership, and  * * *  petitioner was not engaged in the business of buying and selling partnership interests." Further expression was given to this view in *Joseph Sic, supra*, where a retired farmer sustained a loss on the sale of a tract of farmland which he had been operating. The taxpayer there was not engaged in the business of buying and selling real estate but only in the business of farming. We said that the "loss arose because the petitioner chose to sell a part of his farm land as an isolated transaction," and that "although the land was used in the business of farming, its sale was an isolated transaction and outside of the business of farming which petitioner 'regularly carried on.'" Similarly, in *Pettit* v. *Commissioner, supra*, affirming a Memorandum Opinion of this Court in which we held that a loss sustained on the sale of real estate used by the taxpayer in growing and marketing citrus fruits could not be carried over as a net operating loss because the loss in question was derived from the ultimate sale of the entire property rather than from marketing citrus fruits, the Court of Appeals said:

There is room for doubt growing out of intricate provisions of the statute and the history of this and precedent legislation and former regulations; but we think this loss was not one incurred in the operation of a trade or business, and so not an operating loss at all. The business had been abandoned. The plant was sold not in the operating business but because the business was not to be operated any more.

Again in *Hartwig N. Baruch, supra*, where the taxpayer sold the farm he had been operating, we followed the *Sic* and *Merrill* cases and re-

fused to permit the loss sustained to be carried over as a net operating loss. And in *Joe B. Luton, supra*, where the taxpayer sold certain restaurant equipment when he ceased to operate his restaurant business, sustaining a loss thereon, we rejected his contention that the loss might be carried over as a net operating loss on the basis of the *Sic* decision.

Our most recent expression of this view was in *Jay Burns, supra*, where the taxpayer was in the business of owning and renting business and office space. The taxpayer owned several buildings, located in different parts of the country, which he had either bought or erected to be used in his business. In one year, he sustained a loss on the sale of one of these buildings. We held that the loss could not be carried over as a net operating loss, in accordance with our previous decisions. It is evident that while this building constituted one of the operating assets used in the conduct of the taxpayer's business, its sale terminated a part of that business, and, therefore, represented an isolated transaction which, upon the facts of that case, could not be taken into consideration in determining a net operating loss for carry-over or carry-back purposes.

The rule of the aforementioned cases has also been applied by other courts in like situations. In *Lazier* v. *United States, supra*, a taxpayer sold his farmlands and farm machinery and claimed the loss sustained as a net operating loss. After a careful review of the available authorities, including several of our Opinions, the petitioner was denied the right to carry over the loss as a net operating loss. The court said:

One reasonably may believe that in providing for the carrying forward and carrying back of "net operating losses," Congress was concerned with "net operating losses" sustained in the normal operation of a business regularly carried on by a taxpayer and was not concerned with losses attributable to the total or partial liquidation of the physical properties used in the conduct of the business.

In the course of its analysis the court there pointed out that the District Court in *Foreman* v. *Harrison, supra*, where a taxpayer, who had been engaged in the business of manufacturing, attempted to carry back a loss sustained on the sale of his factory building and land, was of a similar view. The District Court had said:

The interpretation of the Commissioner is that an isolated transaction involving the sale of building and land, formerly necessary incidents to an operating business, cannot be included within the statutory section allowing net loss carry-over or carry-back for the reason that such sale for the purpose of terminating the manufacturing activity cannot reasonably be construed to come within the category of a transaction incurred in the ordinary and normal course of a trade or business regularly carried on by the taxpayer.

Also see *Smith* v. *United States*, *supra*, where a sale involving a loss marked the termination of the taxpayer's business activity.

We think it clear that the cases relied on by respondent involve situations where the sale of the assets used in the taxpayer's trade or business resulted in a partial or total termination or liquidation of that trade or business. In no instance did the taxpayer continue to operate his business unchanged or undiminished. The sales there under consideration were, moreover, isolated transactions.

In our opinion, the circumstances involved in the instant case differ significantly from those involved in the cases relied upon by respondent. Petitioner, after the sale of the boar and farm machinery in 1949, has continued to operate her farm business of breeding and raising livestock and growing crops both to feed the livestock and for sale on the market. The assets which petitioner sold in 1949 were sold in the regular course of her business. The sales did not materially reduce the scope of activities of the business or materially change its nature or the manner in which it was conducted. Moreover, petitioner has at other times not only purchased machinery and equipment but has also "in connection with the operation of said farming business, sold, traded, or exchanged livestock, machinery, tools, and equipment which was not economically useful or productive in the farming operation."

We think that application of the rule urged by respondent to the circumstances of the instant case would yield a result which is not called for by the express language of the statute or by our construction of its provisions in the cases on which respondent relies. Respondent would require that a loss on a sale, in order to qualify as part of a net operating loss for the purpose of carry-back or carry-over, must arise from a transaction which is substantially identical with a primary function of the taxpayer's trade or business. If this viewpoint is held to be controlling, a loss sustained on a sale of assets consistently used in a taxpayer's trade or business could never become a part of a net operating loss which might be carried back or forward, even though it had been the practice of the business to purchase and sell such assets as the requirements of the business dictated, unless such assets likewise were commodities the sale of which was a primary activity of such business.

We do not think that the language of section 122 (d) (5) contemplates such a restricted application. It is our view that the meaning of the words "attributable to the operation of a trade or business" is that losses which are proximately related to the conduct or carrying on of a trade or business in the ordinary course (as distinguished, **for** example, from a total or partial liquidation) are properly includible

in computing a net operating loss for the purpose of carry-back or carry-forward. We think the transactions in the instant case meet that test.

In the light of the foregoing, we conclude that petitioner may carry over as a net operating loss the loss sustained on the sale of an animal and certain farm machinery which we find was sold in the regular course of conducting her business.

Reviewed by the Court.

*Decision will be entered under Rule 50.*