Oscar J. Wile and Elizabeth Wile v. Commissioner.
Wile v. Commissioner
Docket No. 52150.
United States Tax Court
T.C. Memo 1956-90; 1956 Tax Ct. Memo LEXIS 207; 15 T.C.M. (CCH) 476; T.C.M. (RIA) 56090; April 17, 1956
*207 Held, that petitioner's salary as a corporate officer was income from the operation of a trade or business within the meaning of section 122(d)(5) of the 1939 Internal Revenue Code, and for carry-forward purposes, this salary income must be applied against a partnership operating loss sustained by the petitioner without first offsetting such income by non-business deductions. Stanley B. Haber, Esq., 38 Park Row, New York, N. Y., for the petitioners. Nathan M. Silverstein, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The Commissioner determined a deficiency in income tax of the petitioners for the calendar year 1950 in the amount of $3,777.58. The case was submitted upon an agreed stipulation of *208 all of the facts. [Findings of Fact] Petitioners are husband and wife and, during the years 1948, 1949, and 1950 they filed their joint income tax returns with the collector of internal revenue for the third district of New York. Petitioner Oscar J. Wile was president of Brown Vintners & Co., Inc., and during 1948 and 1949 he received an annual salary of $40,000. In 1950 his salary was increased to $45,000. Petitioners and their son were equal partners in the firm of Oscar J. Wile & Co. The partnership sustained an operating loss in the fiscal year ended June 30, 1948, in the sum of $48,927.81, and an operating loss in the fiscal year ended June 30, 1949 in the sum of $41,475. Petitioners' distributive shares of these losses were a total of $32,618.54 for 1948 and a total of $27,650 for 1949. Petitioners computed their net operating loss carry-forward for the years 1948 and 1949 to the year 1950 by reducing the salary income by non-business deductions ($14,993.04 in 1948 and $14,427.18 in 1949) before applying the operating losses of the partnership. Such computation left a net operating loss carry-over of $8,906.76, which sum petitioners deducted on their 1950 income tax *209 return. Respondent disallowed the net operating loss deduction claimed by the petitioners for the year 1950, on the ground that the salary income was income from a trade or business regularly carried on by the taxpayers within the provisions of section 122(d)(5), Internal Revenue Code of 1939, and therefore it could not be offset by non-business deductions in determining the amount of the net operating loss. Since the amounts of salary income in 1948 and 1949 were greater than the amounts of petitioners' distributive shares of the operating losses incurred from the partnership, there would be no net operating losses to be carried over to subsequent years under respondent's computation. [Opinion] The parties are agreed the sole issue to be decided is whether salary income is business or non-business income for the purposes of applying the definition of net operating loss in section 122(a) and the limitations of section 122(d)(5), Internal Revenue Code of 1939. [1]
*210 We decided this question in favor of the position taken by the respondent in Anders I. Lagreide, 23 T.C. 508. There we held the salary of the wife constituted income from "the operation of a trade or business regularly carried on" within the meaning of that phrase in section 122(d) (5), and for carry-back purposes should have been applied to reduce the loss sustained by the husband in operating his business without being first offset by certain non-business deductions. Petitioners concede the cited case is authority against them but they argue the opinion is wrong and we should return to the rule of Joe B. Luton, 18 T.C. 1153, which opinion was expressly overruled in the Lagreide case. No new argument is advanced here and we are not persuaded we should alter our position taken in the Lareide case. The same position was adopted and the Lagreide case cited, in Folker v. Johnson (C.A. 2, Feb. 29, 1956, C.C.H. Par. 9323), 230 Fed. (2d) 906. In the Folker case the Court held the corporate officer "who received compensation in the form of a salary, was engaged in a trade or business - the trade or business of rendering services for pay." The opinion *211 goes on to hold the corporate officer's salary was "business income, and he may not deduct from it non-business expenses in computing under Section 122(d)(5) his net operating loss for carry-back purposes." We hold the salary income of Oscar J. Wile was attributable to a trade or business regularly carried on by him and it cannot be offset by non-business deductions in determining the net operating loss under section 122(d)(5). Decision will be rendered for the respondent. Footnotes
1. SEC. 122. NET OPERATING LOSS DEDUCTION. (a) Definition of Net Operating Loss. - As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d). * * *
(d) Exceptions, Additions, and Limitations. - The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows: * * *
(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. For the purposes of this paragraph deductions and gross income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection. * * *↩