Elmer G. Overly and Mary H. Overly v. Commissioner.
Overly v. Commissioner
Docket No. 54870.
United States Tax Court
T.C. Memo 1956-197; 1956 Tax Ct. Memo LEXIS 95; 15 T.C.M. (CCH) 1044; T.C.M. (RIA) 56197; August 28, 1956
William W. Scott, Jr., Esq., for the petitioners. Phillip O. North, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $4,396.08 in the petitioners' income tax for 1951. The issue is whether the petitioners are entitled to a net operating loss carry-back deduction from 1952 under sections 23(s), 122(a) and 122(d)(5) of I.R.C. of 1939. [Findings of Fact] All of the facts have been stipulated. Elmer and Mary Overly, the petitioners, are husband and wife who filed their joint Federal income tax returns for 1951 and 1952 on the cash basis, each in the twenty-third district of Pennsylvania, at Pittsburgh. Elmer was employed as an executive of the Pittsburgh Envelope *96 Company during 1951 and 1952 and received salary from it of $31,791.76 and $39,445.68 for those years. No other income was reported for 1952. Elmer owned and operated a chicken hatchery business near Pittsburgh during the same years. The day-to-day operation of that business resulted in losses for those years of $10,479.61 and $22,371.41. Elmer terminated the chicken hatchery business on December 27, 1952 and sustained a net loss of $34,275.40 from the liquidation of all of its assets. The petitioners filed with the director of internal revenue, Pittsburgh, on March 25, 1953, an "Application for Tentative Carry-back Adjustment" based on the losses from the liquidation of the hatchery, making claim for refund of $4,396.08 of their 1951 income tax. They compute their net operating loss carry-back as follows: Amount of Operating Loss for Year
1952
$22,371.41
Ordinary Income Received
(Salary and Wages)
$39,445.68
Less - Loss from sale of
Property Other Than
Capital Assets
$34,275.40
Excess of Non-Business Income Over
Non-Business Deductions
$ 5,170.28
Net Operating Loss Carry-Back
$17,201.13 The director gave notice of the allowance of the refund *97 on April 13, 1953 and it was paid. A deficiency was determined later for 1951, based upon the Commissioner's conclusion that the petitioners had not established that they sustained a net operating loss in 1952 giving rise to net operating loss deduction for 1951. [Opinion] Elmer's loss from the complete liquidation of the chicken hatchery business in 1952 is a deduction "otherwise allowed by law not attributable to the operation of a * * * business regularly carried on by the taxpayer" within the meaning of section 122(d)(5). Joseph Sic, 10 T.C. 1096, affd. 177 Fed. (2d) 469, cert. denied 339 U.S. 913; Helen Goble, 23 T.C. 593. It is attributable, as the Commissioner contends, to the termination rather than to the operation of that business. It is allowable as a deduction in computing a net operating loss "only to the extent of the amount of the gross income not derived from such * * * business." This Court has most recently held that such a deduction can not offset a taxpayer's salary or income from another business. Anders I. Lagreide, 23 T.C. 508, overruling Joe B. Luton, 18 T.C. 1153. See also *98 Folker v. Johnson, 230 Fed. (2d) 906. Elmer's salary of $39,445.68 for 1952 exceeds the $22,371.41 loss from the operation of the chicken hatchery for that year, the loss from the liquidation of the chicken hatchery has no effect beneficial to the taxpayers in the computation of a net operating loss for 1952 and there is no net operating loss deduction available for them with respect to 1951. Anders I. Lagreide, supra. The petitioners urge that the Tax Court return to the rule of the Luton case and cease to follow the Lagreide decision. The latter decision is now binding upon the Court. See dissent therein. Decision will be entered for the respondent.