## McGINN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7425.

Circuit Court of Appeals, Ninth Circuit.

April 11, 1935.

John L. McGinn, of San Mateo, Cal., for petitioner.

Frank J. Wideman, Asst. U. S. Atty., and Sewall Key, Norman D. Keller, Harry Marselli, and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

Petitioner seeks to review an order of the Board of Tax Appeals sustaining the determination of the Commissioner of Internal Revenue fixing deficiencies of income tax of the petitioner at the sum of $2.32 for the year 1924 and $1,267.17 for the year 1925. The sole question involved is whether or not the petitioner, who paid a judgment for $37,508 in the year 1923, is entitled to carry over a portion of the said loss as a deductible loss in the next two fiscal years.

Petitioner's claim is based upon the provisions of section 206 (f), Revenue Act 1924, 43 Stat. 253 (26 USCA § 937 note); section 206 (e), Revenue Act 1926, 44 Stat. 9 (26 USCA § 937 (e); section 204 (a), Revenue Act 1921, 42 Stat. 227. Section 204 (a) defines net loss to be "only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer." In case of such net loss section 206 (f) provides for its allowance as a deduction "in computing net income for the two succeeding taxable years" in the manner therein provided.

The basic question involved is whether or not the amount paid on the judgment above mentioned was a loss "resulting from the operation of any trade or business regularly carried on by the taxpayer."

The petitioner is an attorney at law and since 1893 has been a regularly practicing attorney. During the years 1908 and 1909 his principal business was placer mining in Alaska. In 1907 he became interested in the banking business by the purchase of stock in the Fairbanks Banking Company. In 1909 that company and the Washington-Alaska Bank of Alaska purchased all the capital stock of the First National Bank, each purchasing bank becoming the owner of one-half the stock purchased. In September, 1909, the Fairbanks Banking Company purchased all the stock of the Washington-Alaska Bank. In that month (September 12, 1909) petitioner was elected a director of the Fairbanks Banking Company and

vice president of the board of directors. He continued as such officer until April, 1910, devoting about two-thirds of his time to the affairs of the bank and about one-third to his law practice. During the period the petitioner was acting director a 20 per cent. dividend was declared and certain stockholders were relieved of their stock subscriptions or their stock was purchased by the bank. Because of such unauthorized distribution of the capital of the banking company (see 245 Fed. 46) suit was brought by the receivers of the Fairbanks Banking Company which had changed its name to the Washington-Alaska Bank of Nevada and a judgment secured against the petitioner and other directors. On April 6, 1923, the petitioner paid in full satisfaction of the judgment thus obtained the sum of $37,508. The petitioner contends that the loss thus suffered by him was incurred in a "business regularly carried on by him," namely, that of an officer of the bank in question, and that this loss was a loss to him in his business as distinguished from a loss to the bank in which he was interested. His loss was the bank's gain. Petitioner strongly relies upon the case of Peoples-Pittsburgh Trust Co. v. Commissioner, 21 B. T. A. 588, affirmed by the Circuit Court of Appeals for the Third Circuit, 60 F.(2d) 187, 188. This decision dealt with different sections of the Revenue Act (section 214 (a) (1) and section 215 (a) of the Revenue Act of 1921, 42 Stat. 239, 242), wherein the court was considering the allowance of a loss incurred "during the taxable year in carrying on any trade or business" (see, also, on the same subject, Blackmer v. Com'r (C. C. A.) 70 F.(2d) 255, 92 A. L. R. 982; Pantages Theatre Co. v. Welch (C. C. A.) 71 F.(2d) 68; Welch v. Helvering, 290 U. S. 111, 54 S. Ct. 8, 78 L. Ed. 212) and not the question of the right to carry over a net loss from one year to another authorized by sections 204 (a), 206 (f), 206 (e), supra, dealing with a "loss in· a trade or business *regularly carried on by the taxpayer.*" (Italics ours.)

There are some decisions of the Circuit Court of Appeals which tend to support the petitioner's contention. In Washburn v. Com'r of Int. Rev. (C. C. A. 8) 51 F.(2d) 949, decided August 11, 1931, a loss was suffered by an attorney who was actively engaged in managing and directing a number of corporations in which he had invest-

ments. It was held that a loss sustained in the sale of stock in one of the corporations was a loss incurred in the business regularly carried on by him and was deductible from income of the next succeeding year under section 206 (e), supra. That decision, however, was prior to four decisions rendered by the Supreme Court upon the interpretation of sections 204 (a) and 206, supra; Dalton v. Bowers, 287 U. S. 404, 53 S. Ct. 205, 77 L. Ed. 389; Burnet v. Clark, 287 U. S. 410, 53 S. Ct. 207, 77 L. Ed. 397; Burnet v. Commonwealth Imp. Co., 287 U. S. 415, 53 S. Ct. 198, 77 L. Ed. 399; Van Dyke v. Helvering, Commissioner, 291 U. S. 642, 54 S. Ct. 437, 78 L. Ed. 1040, which have in effect overruled Washburn v. Commissioner, supra. In Burnet v. Clark, 287 U. S. 410, 53 S. Ct. 207, 208, supra, the court said: "Respondent was employed as an officer of the corporation; the business which he conducted for it was not his own. There were other stockholders. And in no sense can the corporation be regarded as his alter ego, or agent."

In Van Dyke v. Com'r (C. C. A.) 63 F. (2d) 1020, a promoter sought to carry over to the next fiscal year his losses in operating some of the corporations he had promoted on the ground that the losses were incurred in his business of promotion regularly carried on by him. On the authority of Burnet v. Clark, supra, and also of Dalton v. Bowers, supra, we held that his claim was unfounded. This decision was affirmed by the Supreme Court, Van Dyke v. Helvering, 291 U. S. 642, 54 S. Ct. 437, 78 L. Ed. 1040. These cases establish the proposition that a loss incurred by an officer of a corporation in conducting the business of the corporation is not a loss of the officer incurred in a business regularly carried on by the officer for the reason that the occupation of being an officer of a corporation is not a business distinct from that of the corporation by which he is employed within the meaning of section 204 (a), supra.

In the case at bar petitioner suffered loss by reason of his conduct as an officer of a corporation. The loss occurred because as such officer of the bank he disposed of the property of the bank in violation of the law and was compelled to reimburse the bank for the loss.

The decision of the Board of Tax Appeals is affirmed.