Samuel H. Ranson, Jr. v. Commissioner.
Samuel H. Ranson v. Commissioner
Docket No. 31350.
United States Tax Court
1952 Tax Ct. Memo LEXIS 148; 11 T.C.M. (CCH) 699; T.C.M. (RIA) 52213; June 30, 1952
Claude I. Depew, Esq., First National Bank Bldg., Wichita, Kans., for the petitioner. David Karsted, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for 1946 in the amount of $940.73. The petitioner sustained a net operating loss for the year 1948, and is entitled to a loss carry-back to the year 1946 under section 122. The respondent has reduced the amount of the net operating loss for 1948, which results in a corresponding reduction in the amount of a loss carry-back deduction in 1946. The reduction of the amount of the 1948 operating loss results from the following determinations made by the respondent; that in computing the net operating loss under section 122 for the purpose of the net loss carry-back, *149 the petitioner, under subsection 5 of section 122 (d), may not offset compensation received from a corporation against nonbusiness expenses to the extent of $2,188.49; and he may not include in the net operating loss for 1948, his share of the loss from the sale of farm machinery by a partnership in the amount of $2,475.54. Two questions, under section 122 (d) (5) are presented. (1) Whether the petitioner's compensation from a corporation of which he was an executive officer in 1948 was business income; and (2) whether the loss from the sale of farm machinery was attributable to the operation of a business regularly carried on by him. All of the facts have been stipulated. Findings of Fact We adopt as our findings of fact the stipulation of facts which, by reference, is incorporated herein. The facts are, briefly, as follows: The petitioner was a resident of Wichita, Kansas, during the years involved here. He filed his returns with the collector for the district of Kansas. During the period 1940 through 1948, the petitioner was regularly employed as an executive officer of The Ranson-Davidson Company in Wichita, a corporation which carried on a business of dealing in investment *150 securities. The petitioner was paid a salary and commissions in 1948 by the corporation in the amount of about $13,526.27. During 1948, the petitioner received other income, as follows: $40.88 from The Ranson-Davidson Company, Inc. Pension Trust; and $60 from the Farmers and Bankers Life Insurance Company Also, he received other income from an oil royalty and from farm lands. During 1948, the petitioner received dividends of $153.20, and interest of $145.12, total $298.32, which represented nonbusiness income under section 122 (d) (5); and he paid nonbusiness expenses for interest and taxes in the total amount of $2,188.49. On January 1, 1948, the petitioner and Charles O. Andrews, Jr., formed a partnership under the laws of Florida to engage in the business of raising, buying, and selling cattle for dairy and slaughter purposes; for raising, buying, and selling cattle feeds; and for the general purpose of carrying on agricultural operations under the name of Andrews-Ranson Cattle Co., a partnership. The respective interests of the petitioner and Andrews in the partnership were 80 and 20 per cent. Hereinafter, this partnership is referred to as the first partnership. When this *151 partnership was organized, Zellwood Growers, Inc., a Florida corporation owned entirely by the petitioner, transferred 72 pieces of depreciable farm machinery and equipment to the partnership, which included 8 pieces of machinery and equipment suitable for use in planting, growing and harvesting celery. After the harvesting of the celery crop in the summer of 1948, the partnership sold the 8 pieces of celery farming machinery and equipment at a total net loss of $3,094.43. The petitioner's share of the loss was $2,475.54. The partnership decided to discontinue growing celery after the 1948 celery crop was harvested, and the 8 pieces of celery farming equipment were sold for that reason. The land where celery had been raised was used for the production of other crops. The 8 pieces of depreciable celery farming equipment were not suitable for use in the production of any other crops. The first partnership was dissolved and a second partnership having the same name was organized on January 1, 1949. The second partnership was dissolved during 1951. In 1948, after the sale of the depreciable celery farming equipment, the first partnership retained 64 pieces of depreciable farm machinery *152 and equipment which it continued to use in its farming operations. As of December 31, 1948, the adjusted basis of the 64 pieces of machinery, after reserves for depreciation, amounted to about $30,000. The Andrews-Ranson Cattle Company was never engaged in the business of buying and selling machinery, and the only machinery which it sold in 1948 were the 8 pieces of celery farming equipment. Opinion The issues presented arise under subsection 5 of section 122 (d). The taxpayer contends that the respondent has erred in adjusting the amount of net operating loss under subsection 5. Under the respondent's determination the amount of the adjusted net operating loss for the year 1948 for the purpose of net loss carry-back to 1946 was $29,580.84. In general, the petitioner contends that the net operating loss carry-back from 1948 is in a larger amount. ISSUE 1. The first question is whether the salary and commissions which the petitioner received from Ranson-Davidson, Inc., was business income, or was nonbusiness income for the purpose of applying subsection 5. Under subsection 5 nonbusiness income is income other than income derived from a "business regularly carried on by the *153 taxpayer." The activity of an executive of a corporation has been recognized as a trade or business. It has been stipulated in this proceeding that the petitioner was an executive officer of the Ranson-Davidson Company. Under the prevailing rule as set forth by the following authorities, it is held that the salary and commissions received by the petitioner constitute business income. Under this issue the respondent's determination is sustained, see ; ; . ISSUE 2. Under the second issue the petitioner contends that the loss sustained upon the sale of farm machinery by the partnership in 1948 was a loss attributable to the operation of a business under subsection 5 of section 122 (d). The sales were isolated transactions. The parties have stipulated that the partnership was not engaged in a business of selling machinery. The question is controlled by ; aff'd, , certiorari denied, . Under this issue the respondent's determination is *154 sustained. Under the conclusions reached above, it is unnecessary to consider another contention of the petitioner. Decision will be entered for the respondent.