James H Cunningham, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 34426.    Promulgated April 13, 1953.

---

*Carl E. Glock, Jr., Esq.*, for the petitioner.
*Edward L. Cobb, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $2,075.06 in income tax of the petitioner for 1947. The only issue is whether the salary of the petitioner's wife for 1949 was erroneously classified as business income rather than as "income not derived from such trade or business" which could be offset by nonbusiness deductions in computing the net operating loss deduction based upon a 1949 net operating loss. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioner filed his separate individual return for 1947 with the collector of internal revenue for the twenty-third district of Pennsylvania. He and his wife filed a joint return for 1949.

The petitioner regularly employed his wife in his coal sales agency business, a sole proprietorship, and paid her a salary of $3,300 during 1949 which was reported in their joint return for that year. That return, as adjusted by the Commissioner, showed a statutory net loss as follows:

*Income*

| | |
|---|---:|
| Salary of petitioner's wife | $3,300.00 |
| Dividends | 217.02 |
| Loss from business | (11,711.05) |
| Long-term capital gain $30.05; 50% | 15.03 |
| Total adjusted loss | ($8,179.00) |

*Deductions*

| | |
|---|---:|
| Interest | $40.87 |
| Taxes | 82.34 |
| Medical expenses | 497.60 |
| Miscellaneous deductions | 1,800.00 |
| Total deductions | $2,420.81 |
| Net loss | ($10,599.81) |

The Commissioner allowed a net operating deduction for 1947 computed as follows:

| | | |
|---|---:|---:|
| Statutory net loss for 1949 | | $10,599.81 |
| Non-business deductions | | $2,420.81 |
| Less non-business income: | | |
| Dividends | $217.02 | |
| Capital gains adjustment | 15.03 | 232.05 |
| Total unallowable deductions | | 2,188.76 |
| Net operating loss for 1949 | | $8,411.05 |

Adjustments for 1947 under section 122 (d) of the Internal Revenue
  Code:
   · Capital gains not previously taken into account_____   $29. 02

Net operating loss deduction_____   $8, 382. 03

That computation is conceded to be correct if the wife's salary was business income, but if the wife's salary was nonbusiness income, then the proper deduction is $10,555.77.

One of the deductions taken on the 1949 return in computing the reported operating "loss from business" was an item of "Salaries $9,150.00" which included the wife's salary of $3,300.

Section 23 (s) allows as a deduction the net operating loss deduction computed under section 122. "Net operating loss" is defined in section 122 (a) as "the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d)." Section (d) (5) provides that "Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business." The general effect of the statute is that a loss from the operation of a business is computed without regard to other items properly shown on the return which are not income from or deductions of that particular business, and then the operating loss is reduced to the extent that the other income on the return exceeds the other deductions. The deductions unrelated to the business thus have no effect upon the operating loss except to the extent that there is unrelated income for them to offset which would otherwise reduce the operating loss to be carried back.

The difficulty in this case arises by reason of the fact that the petitioner and his wife filed a joint return for 1949, the year in which the net loss occurred. If the salary of the wife had been from some other source, the cases cited by the petitioner would be in point, or if she had filed a separate return for 1949, the present question would not even arise. Likewise, if her services had been performed by a third party, the question would not arise. But they chose to file a joint return for the benefits thus available. It does not appear that there is any net operating loss case involving the salary of a wife from her husband's business reported on a joint return along with the income and deductions of that business, one of those deductions including the salary in question. Sections 23 (s) and 122 contain no provisions relating specifically to joint returns, but the Commissioner has covered such a situation in Regulations 111. Section 29.122–3 (e) provides that:

In the case of a husband and wife, the joint net operating loss for any taxable year for which a joint return is filed is to be computed upon the basis of the combined income and deductions of both spouses, and the exceptions and limitations prescribed by section 122 (d) are to be computed as if the combined income and deductions of both spouses were the income and deductions of one individual.

Section 29.122–5 of those Regulations is in part as follows:

In the case of a husband and wife making a joint return for any taxable year, the computation of the net operating loss deduction (as set forth in the first paragraph of this section) is to be made upon the basis of the aggregate of the joint net operating loss carry-overs and joint net operating loss carry-backs of the spouses to such year (computed as prescribed in section 29.122–4 (e)) and the combined net income of the spouses.

See also section 29.122–4 (e).

This case shows the necessity for such regulations and they do not appear to be unreasonable as applied to it. The effect of those regulations is that the net loss to be carried back is to be computed as if the return were that of a single taxpayer, rather than of two separate taxpayers, to arrive at a joint net operating loss. Thus, under those regulations the salary of the wife can not be regarded as "gross income not derived from such trade or business" since it obviously was gross income derived from the very business in which the net loss occurred. The net operating loss deduction of the petitioner, computed on the basis of a joint return in which the husband and wife under the regulations are considered as combined taxpayers, was correctly computed by the Commissioner in determining the deficiency.

Reviewed by the Court.

*Decision will be entered for the respondent*