Edward **FOLKER**

v.

**JOHNSON.**

United States District Court
New York.
April 11, 1955.

Michael Kaminsky, New York City, for plaintiff.

Morton S. Robson, Asst. U. S. Atty., New York City, J. Edward Lumbard, U. S. Atty., New York City, for defendant.

RYAN, District Judge.

Plaintiff, in this taxpayer's suit, seeks to recover a refund of $15,169.12 on personal income tax paid by him for the calendar year 1945. Plaintiff alleges this sum represents an overpayment in 1945, resulting from the recomputation of the tax due for that year when he is credited with the subsequently available deduction of a net operating loss he sustained in 1947.

Plaintiff and defendant have each moved for summary judgment.

The affidavits submitted raise no factual issue and on the facts so conceded jurisdiction is present. The accuracy of plaintiff's mathematical calculations in computing the amount of his claim is not in dispute.

The question of law presented is whether the item of $52,000 reported by plaintiff in 1947 as salary received from Folker Fabrics Corp., of which he is president, treasurer, a director, held all of the stock, and to which he gave all his working time, is to be classified under 26 U.S.C.A. § 122(d) (5) (Internal Revenue Code of 1939) as income attributable to trade or business for the purpose of computing a net operating loss carry-back. Plaintiff contends that this income item is not to be so classified; the defendant contends to the contrary.

We hold that it is income attributable to trade or business within the provisions of section 122(d) (5).

When computing his net income for 1945, the plaintiff taxpayer was allowed as a deduction under 26 U.S.C.A. § 23(s) a net operating loss incurred in 1947, as computed under 26 U.S.C.A. § 122; the pertinent portion of section 122, applicable to the claim here asserted, is section 122(d) (5), which provides:

"(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. * * *"

*The following appears undisputed:*

The plaintiff during 1947 resided in Rumson, New Jersey; he was during 1947 a director, president, treasurer and sole stockholder of Folker Fabrics Corp., incorporated on December 20, 1944; he devoted his entire time to the business of the corporation and the time usually so consumed ranged from 40 to 60 hours per week; he formulated and supervised the policies of the corporation with respect to purchase contracts, styling and the merchandising of its products, supervised the sales department and determined the financial policies of the corporation; he was so employed since 1935 with Folker Fabrics Corp. or its predecessor; and he was paid during 1947, $52,000. Plaintiff's brother was a director and vice-president of Folker Fabrics Corp., and he was paid $34,400.50 in 1947. Plaintiff's son-in-law was a director and secretary of the corporation; he was paid $34,257.62 in 1947.

Defendant concedes that plaintiff sustained a loss of $19,396.72 in the year 1947, not attributable to the operation of a trade or business regularly carried on by the taxpayer. If the $52,000 taxpayer received in 1947 from Folker Fabrics Corp. is treated as income from trade or business the operating loss is eliminated; if it is considered non-business income, an operating loss results as plaintiff claims.

Plaintiff has the burden of establishing that the tax was erroneously and illegally assessed.

We take it as established by Burnet v. Clark, 1932, 287 U.S. 410, 53 S.Ct. 207, 209, 77 L.Ed. 397, that for purposes of the net loss provision "A corporation and its stockholders are generally to be treated as separate entities." (Although this suit construed the provisions of section 204(a) of the 1921 Act, the Internal Revenue Code of 1939, § 122(d) (5) is in its material portions similar in all respects.) However the Clark case is of little help to the plaintiff for there the taxpayer's activities "were no part of his ordinary business, but occasional transactions intended to preserve the value of his investment in capital shares." In the instant suit, the taxpayer's activities were continuous; he devoted his entire working time to the corporate business; and his efforts were directed primarily to the conduct of the business itself. These "exceptional circumstances" were not present in the Clark case, nor was the taxpayer, as here, the sole stockholder.

In Peoples-Pittsburgh Trust Co. v. Commissioner, 1930, 21 B.T.A. 588, it was held that one who devoted his time and attention almost exclusively to the affairs of a corporation was engaged in trade or business and that expenses incurred in defending his acts as chief executive of the corporation were deductible as ordinary and necessary business expenses. It was there held that Burnet v. Clark, supra, and Dalton v. Bowers, 1932, 287 U.S. 404, 53 S.Ct. 205, 77 L. Ed. 389, did not preclude the allowances of such expenses, for they were expenses paid out of his own pocket in carrying on his trade or business as an executive officer of the corporation.

Our research, aided by counsel, discloses that there are only three decisions directly on the question presented here:

(a) Ranson v. Commissioner, 11 T.C. M. 699 (June 30, 1952) supports the method of computation urged by the defendant.

(b) Luton v. Commissioner, 18 T.C. 1153 (Sept. 29, 1952) holding to the contrary, and supporting the taxpayer's contention.

(c) Lagreide v. Commissioner, 23 T. C. 508 (Dec. 22, 1954) in words overruled the holding in Luton and held the salary of a teacher to be business income.

Cunningham v. Commissioner, 1953, 20 T.C. 65, is not apposite for there it was held that the filing of a joint return by husband and wife was determinative of the problem as it was there presented. It should also be noted that the Court in Cunningham was dealing with the salary paid to the wife taxpayer from her husband's business.

In Ranson the question was presented whether the taxpayer's compensation from a corporation of which he was an executive officer in 1948 was business income. It appeared that he was so regularly employed and it was held that the salary as well as commissions received by him constituted business income under section 122(d) (5).

In Luton the Tax Court noted that the taxpayer was in the restaurant business and that the item of salary income was earned by him "outside his restaurant business." 18 T.C. 1158.

In Lagreide it was held that the taxpayer "in his capacity as a salaried teacher in the year 1949, was operating a trade or business regularly carried on by her." In support of this conclusion the Tax Court relied on Hill v. Commissioner, 4 Cir., 1950, 181 F.2d 906, which held that a teacher on a salary basis was engaged in a trade or business; on Daily Journal Co. v. Commissioner, 9 Cir., 1943, 135 F.2d 687, which held that a corporate executive on salary was engaged in business; and on Harris v. Commissioner, 1954, 22 T.C. 1118, which held that a salaried postmaster was engaged in business as an employee of the Post Office Department. The Tax Court further wrote in Lagreide that "we have come to the conclusion that the opinion

in the Luton case was in error in holding that salary was nonbusiness income."

It is to be noted that in the Harris case expense deductions were disallowed because of the specific provisions of § 22 (n) (1) of the Code.

We have found the following language of some aid in the determination of these motions:

> "The words 'trade or business,' as used in the statute in connection with losses, has been held by the courts to mean and refer to a regular occupation or calling of the taxpayer for the purpose of livelihood or profit." Rogers v. United States, 1930, 41 F.2d 865, 868, 70 Ct.Cl. 159.

> "A 'trade or business' is that which occupies the time, attention and labor of a person for the purpose of a livelihood or profit." Smith v. United States, D.C.W.D. Tenn.1948, 85 F.Supp. 838, 840, affirmed 6 Cir., 1950, 180 F.2d 357.

> " * * * [R]egular operation of a business requires such continuity and expenditure of time in the transactions as to indicate a permanent engagement in the business". Chicago Title & Trust Co. v. United States, 7 Cir., 1954, 209 F.2d 773, 776.

It is true that the business of the corporation was not "his business"; the separate corporate entity precluded this view even though the taxpayer owned all the issued capital stock, but quite independent of the corporate business, the taxpayer was engaged in trade or business—that of directing and managing the affairs of the corporation. The business of being a corporate officer exists separate and independent of the corporate trade or business. The taxpayer and the corporation, each in law a separate person, each in fact may be engaged in a separate trade or business within the provisions of the tax law.

I conclude that the deduction was properly disallowed and the complaint must be dismissed.