Edward FOLKER, Plaintiff-Appellant,

v.

James W. JOHNSON, individually and as a former Collector of Internal Revenue, Defendant-Appellee.

No. 87, Docket 23698.

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1955.

Decided Feb. 29, 1956.

Michael Kaminsky, Worthman & Kaminsky, New York City, for appellant.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City (Morton S. Robson, New York City, of counsel), for appellee.

Before CLARK, Chief Judge, and FRANK and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

During the year 1947 the plaintiff-appellant (taxpayer) was employed as president, treasurer, and director of Folker Fabrics Corp., of which he was the sole stockholder. He devoted his full time to his duties in these capacities and was responsible for the supervision and control of the activities of the corporation, receiving a salary of $52,000 in 1947 in compensation for his services. In the same year, it is conceded, the taxpayer had non-business losses of $19,-396.72. In this action taxpayer seeks a refund of 1945 income taxes by utilizing those 1947 non-business losses as a net operating loss carry-back. Section 122 (d) (5) of the Internal Revenue Code of 1939, 26 U.S.C.A.(I.R.C.1939) § 122(d)

(5), allows the taxpayer to make use of these non-business losses as a net operating loss carry-back only to the extent of his gross income in the same year not derived from "the operation of a trade or business regularly carried on by the taxpayer."[1] Taxpayer contends that the salary of $52,000 received in 1947 from Folker Fabrics Corp. is not attributable to the operation of a trade or business regularly carried on by himself.[2] The Government contends to the contrary, and the District Court, in a reasoned opinion by Judge Ryan, so held, S.D.N.Y.1955, 135 F.Supp. 118.

The phrase "trade or business" has a common and well-understood connotation as referring to the activity or activities in which a person engages for the purposes of earning a livelihood. See Daily Journal Co. v. Commissioner, 9 Cir., 1943, 135 F.2d 687. Absent controlling precedents requiring a contrary conclusion, we would feel constrained to give "trade or business" its more usual broadly-inclusive meaning. Indeed, Congress must be presumed to use language in its usual or conventional sense unless there is a clear indication to the contrary. See United States v. Gilbert Associates, Inc., 1953, 345 U.S. 361, 364, 73 S.Ct. 701, 97 L.Ed. 1071. And we have found nothing which has persuaded us to alter this initial view.

There is very little direct authority on the precise question presented here. The Tax Court has considered the question three times in the last few years and after some uncertainty has ruled that the salaried employee or corporate officer is engaged in a "trade or business regularly carried on by the taxpayer" within the meaning of that clause as used in Section 122(d) (5). See Ranson v. Commissioner, 1952, 11 T.C.M. 699; Luton v. Commissioner, 1952, 18 T.C. 1153; Lagreide v. Commissioner, 1954, 23 T. C. 508. The only other cases we have discovered are either of early date or relate to Section 23(a), 26 U.S.C.A.(I.R.

---

1. *The relevant statutory provisions are as follows:*

Sec. 23(s) "Net operating loss deduction.

"For any taxable year beginning after December 31, 1939, the net operating loss deduction computed under section 122."

"§ 122. Net operating loss deduction

"(a) Definition of net operating loss.

"As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

"(b) Amount of carry-back and carry-over.

"(1) Net operating loss carry-back.

"(A) Loss for taxable year beginning before 1950.

"If for any taxable year beginning after December 31, 1941, and before January 1, 1950, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year computed * * *.

"(d) Exceptions, additions, and limitations.

"The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:
* * * * *

"(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. * * * *"

2. The taxpayer during the years here involved sustained substantial losses as a result of activities as a part-time gentleman farmer. He and the Commissioner of Internal Revenue agree that these losses are "business losses." It seems somewhat incongruous to classify the salary that he receives as compensation for his full-time everyday activities of managing the affairs of his wholly-owned corporation as "non-business income," and income from his part-time farm as "business income." Yet this is a necessary consequence of the view taken by the taxpayer.

C.1939) § 23(a), which contains the phrase "trade or business" in a context allowing deductions from gross income for ordinary and necessary business expenses.

The taxpayer relies primarily on McGinn v. Commissioner, 9 Cir., 1935, 76 F.2d 680, 99 A.L.R. 564, and Hughes v. Commissioner, 10 Cir., 1930, 38 F.2d 755. Both of these cases were concerned with similar phraseology found in § 204(a) of the Revenue Act of 1921, an earlier statutory pattern for the allowance of net operating losses. In the Hughes case it was stated broadly that salaried and professional men are not engaged in business with respect to their professional duties or salaried positions, and it was held that the net income earned in practicing law was non-business income. In the McGinn case a loss resulting from alleged mismanagement of a corporation by an officer was held not attributable to any trade or business of the officer. We think these cases are distinguishable or erroneous, and that the phrase "trade or business" as used here should not be given such a narrow interpretation.

The Government relies primarily on the recent Tax Court cases, Ranson and Lagreide, cited supra, and on the many cases arising under Section 23 of the Internal Revenue Code of 1939 which interpret in a broad manner the identical phrase here involved (which also appears in that section). Taxpayer, however, argues that cases arising under Section 23 which interpret the phrase "trade or business" should not be authority for a similar interpretation of the same phrase appearing in Section 122(d) (5). It is true that the same phrase used in different parts of a complex statute does not necessarily carry the same meaning in the two different contexts. See Helvering v. Morgan's, Inc., 1934, 293 U.S. 121, 128, 55 S.Ct. 60, 79 L.Ed. 232; Rohmer v. Commissioner, 2 Cir., 1946, 153 F.2d 61, 65. But where the purpose of the two statutory provisions is similar, a consistent interpretation is desirable and equitable.[3] In this instance we think a consistent interpretation is necessary in order to fully effectuate the not dissimilar purposes of both sections. It should be noted that the net operating loss defined in Section 122 is utilized in the statutory scheme by taking a deduction as provided in the deduction section of the Code, Section 23(s).

Salaried employees and corporate officers have been held to have been engaged in a trade or business under Section 23(a) on innumerable occasions. See, e. g., Hill v. Commissioner, 4 Cir., 1950, 181 F.2d 906; Daily Journal Co. v. Commissioner, 9 Cir., 1943, 135 F.2d 687; Marsch v. Commissioner, 7 Cir., 1940, 110 F.2d 423; Commissioner of Internal Revenue v. Peoples-Pittsburgh Trust Co., 3 Cir., 1932, 60 F.2d 187. And we have held that the attorneys' fees incurred by a corporate director in defending a stockholder's derivative action were deductible as necessary and reasonable expenses incurred in a trade or business (acting as director of a corporation) regularly carried on by him, Hochschild v. Commissioner, 2 Cir., 1947, 161 F.2d 817.

The taxpayer further contends that, if we are to consider the precedents arising under Section 23 in interpreting Section 122(d) (5), cases such as Dalton v. Bowers, 1932, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389, Burnett v. Clark, 1932, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397, and Commissioner of Internal Revenue v. Smith, 2 Cir., 1953, 203 F.2d 310, are

---

3. The purpose of Section 122 was to enable persons to equalize to some extent their earnings over a period of years. This is accomplished by permitting them to reduce, for tax purposes, their incomes in one year by losses sustained in other years. It would be inequitable to interpret the phrase "trade or business" in such a fashion that salaried employees, professional men and others would not be dealt with under Section 122 in the same manner as persons receiving income, for example, from a sole proprietorship.

controlling. But we do not think these cases are in point. They involved attempts by corporate officers, directors, and stockholders to deduct from their personal income losses resulting from isolated loans to or investments in corporations in which they had a financial interest. These cases hold that the taxpayers involved were not in the trade or business of making loans or investments; and further hold that a taxpayer, in order to deduct his outlay as a business expense, must show that the loss occurred in a separate business of his own rather than that the loss occurred in the business of a corporation.[4] We think that these cases support the position of the Government rather than that of the taxpayer here, because they indicate that the corporation is an entity separate and apart from its officers and stockholders, and that its business is not the business of the officers.[5]

Consequently, we hold that the plaintiff, who devoted his entire working time to his duties as a corporate officer, and who received compensation in the form of a salary, was engaged in a trade or business—the trade or business of rendering services for pay. Therefore, his salary was business income, and he may not deduct from it non-business expenses in computing under Section 122 (d) (5) his net operating loss for carryback purposes.

Affirmed.

4. The statement in Commissioner of Internal Revenue v. Smith, 2 Cir., 1953, 203 F.2d 310, 312, to the effect that "serving as an officer of a corporation of which the taxpayer is a stockholder and creditor" does not constitute a trade or business was unnecessary to that decision, and is clearly a dictum which we need not follow.

5. Judge Ryan, in his opinion below, carefully explained this distinction: "It is true that the business of the corporation was not 'his business'; the separate corporate entity precluded this view even though the taxpayer owned all the issued capital stock, but quite independent of the corporate business, the taxpayer was engaged in trade or business—that of directing and managing the affairs of the corporation. The business of being a corporate officer exists separate and independent of the corporate trade or business. The taxpayer and the corporation, each in law a separate person, each in fact may be engaged in a separate trade or business within the provisions of the tax law." 135 F.Supp. 118, 121. Cf. Hickerson v. Commissioner, 2 Cir., 1956, 229 F.2d 631.