Tilson W. Eastridge and Bessie T. Eastridge (Husband and Wife) v. Commissioner.
Eastridge v. Commissioner
Docket No. 56983.
United States Tax Court
T.C. Memo 1957-86; 1957 Tax Ct. Memo LEXIS 165; 16 T.C.M. (CCH) 370; T.C.M. (RIA) 57086; May 27, 1957
*165 Petitioners had both a business and nonbusiness loss and, in addition, had salary income. In computing their net operating loss for carryback purposes they applied the salary income against the nonbusiness loss, thereby leaving the entire business loss as a net operating loss. Respondent determined that the salary income was business income that should be applied against the business loss, thereby reducing the net operating loss under section 122(a), Internal Revenue Code of 1939. Held, respondent's determination upheld. Anders I. Lagreide, (1954) 23 T.C. 508, followed. Chat Chancellor, Esq., McClure Building, Frankfurt, Ky., for the petitioners. W. Ralph Musgrove, Esq., for the respondent. BLACK Memorandum *166 Opinion BLACK, Judge: The respondent has determined a deficiency in income tax for the year 1951 in the amount of $601.44. The sole issue is whether the petitioners are entitled to a net operating loss carryback from the year 1952 in the amount of $135.59, as determined by the respondent, or in the amount of $3,172.37, as reported by the petitioners. All of the facts have been stipulated and are found accordingly. [Findings of Fact] The petitioners, Tilson W. Eastridge, hereinafter referred to as Tilson, and Bessie T. Eastridge, hereinafter referred to as Bessie, are husband and wife and filed joint income tax returns for the years 1951 and 1952 with the collector or district director of internal revenue at Louisville, Kentucky. Tilson realized income and losses during the year 1952, as follows: Nonbusiness Income and Loss
Loss
Gain
Income from Interest and
Dividends
$4,350.31
Election Winnings
392.00
Loss on Sale of Farm
($7,779.09)
Total
($7,779.09)
$4,742.31
Total Nonbusiness Gain or
Loss
($3,036.78)
Business Income and Loss
Loss on Operation of Farm
($5,458.22)
Income from Operation of
Bus Line
$2,079.23
Total
($5,458.22)
$2,079.23
Total Business Gain or
Loss
($3,378.99)
*167 Bessie had salary income during the year 1952, as follows: Southern Bell Telephone Company
$3,048.40
Midway Bus Line
195.00
Total
$3,243.40
The petitioners computed their net operating loss for 1952, as follows: Nonbusiness Income: Interest and dividends
$4,350.31
Salary (Wife)
3,243.40
Election winnings
392.00
$7,985.71
Less nonbusiness loss - sale of as-
sets and land
(7,779.09)
Net nonbusiness income
$ 206.62
Business Income and Loss: Net loss - farm operation
($5,458.22)
Net profit - bus lines
2,079.23
Net business loss
(3,378.99)
Net operating loss
($3,172.37)
The petitioners made application for a tentative carryback adjustment. The application was tentatively allowed and petitioners were refunded the amount of $628.76 on 1951 income taxes. On final adjustment, the respondent treated the salary income of Bessie as business income. He computed the net operating loss, as follows: Business Loss
($3,378.99)
Less: Business Income
3,243.40
Net Operating Loss
($ 135.59)
Respondent allowed the $135.59 as a net operating loss carryback deduction for the year 1951, and as a result thereof *168 determined a deficiency of $601.44 for the year 1951. [Opinion] Section 23(s) [1] allows as a deduction a net operating loss as computed under section 122. Section 122 defines net operating loss as the excess of deductions allowed by chapter 1 over gross income except that "(d)(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall * * * be allowed only to the extent of the amount of the gross income not derived from such trade or business." The petitioners filed a joint return; therefore, the net operating loss is to be computed as if the combined income and deductions of both spouses were the income and deductions of one individual. Regulations 118, section 39.122-5; Anders I. Lagreide, (1954) 23 T.C. 508, 511; James H. Cunningham, (1953) 20 T.C. 65. The petitioners had a nonbusiness loss of $7,779.09. That loss is a deduction not attributable to the operation of a trade or business regularly carried on by the taxpayer and is, therefore, allowable under section 122(d)(5) only to *169 the extent of nonbusiness income. The petitioners treated the salary income as nonbusiness income and applied it against nonbusiness loss, thus leaving a substantial portion of the business loss as a net operating loss under section 122(a). The respondent, on the other hand, treated the salary as business income and applied it against the business loss, thereby reducing the net operating loss. The sole issue, therefore, is whether or not the salary income is attributable to a trade or business regularly carried on. [2]
The petitioners contend that we should follow the case of Joe B. Luton, (1952) 18 T.C. 1153, where we treated salary income as nonbusiness income. In Anders I. Lagreide, supra, we held that salary income was income attributable *170 to the operation of a trade or business regularly carried on by the taxpayer. We also reviewed our treatment of salary income in the Joe B. Luton case, supra, and overruled it on that point. The rule espoused in the Anders I. Lagreide case, supra, hae been applied by us in several memorandum decisions and also by other courts. See Folker v. Johnson, (S.D., N.Y., 1955) 135 Fed. Supp. 118, affd. (C.A. 2, 1956) 230 Fed. (2d) 906. See also Overly v. Commissioner, (C.A. 3, April 29, 1957) - Fed. (2d) -, affirming T.C. Memo. 1956-197 [15TCM 1044,]. We see no reason to disturb it here. Accordingly, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1939, as amended.↩
2. The petitioners in their petition also state: "(B) The Commissioner further erred in not permitting the entire 1952 loss to be carried back to 1951, whether the loss be a business loss or a nonbusiness loss." The petitioners have not made further reference to that argument and have apparently dropped it. Regardless, there is no merit to such argument in view of the specific provisions of section 122(a) and (d)(5)↩.