Henry **BRONSTHER** and Helen Bronsther, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

Miller **BRONSTHER** and Jean Bronsther, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

Nos. 12402, 12403.

United States District Court
E. D. New York.

Jan. 20, 1958.

Herman Montag, New York City, by Peter J. George, New York City, for plaintiffs.

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., by Elliot Kahaner, Brooklyn, N. Y., and George T. Rita, Tax Division, Dept. of Justice, Washington, D. C., for the United States.

RAYFIEL, District Judge.

These are actions for the refund of income taxes paid for the years 1945 and 1946. One action is brought by Henry Bronsther and Helen Bronsther, his wife, to recover the sums of $5,278.52 and $829.94 for the years 1945 and 1946, respectively, and the other by Miller Bronsther and Jean Bronsther, his wife, to recover the sums of $4,699.14 and $687.05 for the years 1945 and 1946, respectively.

Henry and Miller Bronsther are brothers. They and a third brother, referred to in the record as Bernard Bronsther, but whose correct name, according to the briefs, is Bernard Brauston, allegedly entered the financing and second mortgage business in the 1920s. At that time, and at the time of the trial, Henry and Miller Bronsther were partners in a firm known as Anchor Manufacturing Company, which was first in the glass and decorating business and then in the business of stamping, plating and finishing metal products.

On October 19, 1925 Henry Bronsther obtained by assignment a mortgage in the sum of $16,000 on premises No. 2905 Grand Concourse, Bronx, New York, which, on October 22, 1925, was consolidated with another mortgage in the sum of $44,000 affecting the said premises, constituting a single lien of $60,000. In addition, he made various mortgage and business loans.

During the depression of the 1930s the brothers, in order to protect their mortgage investments, were obliged to acquire title to the premises covered by said mortgages, among which were the property at No. 2905 Grand Concourse, on which they held the mortgage of $60,-000, as consolidated, property on Shell

Road, in Brooklyn, and premises No. 1815 Prospect Avenue, Bronx. There were various transfers of the said premises to corporations and to the brothers individually. On November 14, 1940 the Bronsther Realty Co., Inc., was formed by the three brothers, Henry, Miller and Bernard, each owning one-third of its outstanding shares of capital stock. The capitalization of the corporation was $10,000, allegedly composed of accounts receivable from another corporation, amounting to $6,650, plus some cash and other assets. The brothers transferred the Shell Road property to the corporation upon its formation. On June 1, 1942 and March 15, 1944, respectively, they transferred 2905 Grand Concourse and 1815 Prospect Avenue to the corporation. In exchange for the transfer of these three properties, the Bronsther Realty Co., Inc., gave Henry and Miller Bronsther each a promissory note in the sum of $54,000 and Bernard Brauston a promissory note in the sum of $50,751.

The three pieces of property were held by the Bronsther Realty Co., Inc., until 1947, when it sold them. The corporation was then dissolved, and its balance sheet showed loans payable to the brothers of $76,821.05, for which it had no means of payment. Each of the brothers considered his loss, therefore, to be one-third of that sum or $25,607.02. The plaintiffs contend that this represents their loss.

The question to be decided is whether this loss is a business bad debt as distinguished from a capital loss. If it is a business bad debt the plaintiffs are entitled to judgment. However, if it is a capital loss, their claims were properly disallowed by the Treasury Department, and the complaints must be dismissed.

It is well settled, as stated by Judge Clark in Commissioner of Internal Revenue v. Smith, 2 Cir., 203 F.2d 310, at page 311, that "Whether a particular loss or expense is incurred in a taxpayer's trade or business is a question of fact in each particular case. Higgins v. C. I. R., 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; Treas. Reg. 111, § 29.23(k)-6."

In that case the court, after analyzing various definitions of "business", stated that the broad definition thereof enunciated in Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, had been rejected by the Supreme Court in Higgins v. C. I. R., 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783. Judge Clark, 203 F. 2d at page 312 of Commissioner of Internal Revenue v. Smith, supra, stated as follows:

"The cases interpreting the statutory phrase in particular situations of course do not chart its precise limits, but they do lead us to the conclusion that in the present case respondent's bad debt loss was not incurred in any trade or business. *The full-time management of one's investments does not constitute a trade or business.* Higgins v. C. I. R., supra. *Nor does serving as an officer of a corporation of which the taxpayer is a stockholder and creditor.* Van Dyke v. C. I. R., 23 B.T.A. 946, affirmed per curiam, 9 Cir., 63 F.2d 1020, affirmed per curiam, Van Dyke v. Helvering, 291 U. S., 642, 54 S.Ct. 437, 78 L.Ed. 1040; see McGinn v. C. I. R., 9 Cir., 76 F.2d 680, 681, 99 A.L.R. 564. Affirmance of the Van Dyke case in both the court of appeals and the Supreme Court was based on the authority of Burnet v. Clark, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397, and Dalton v. Bowers, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389. The Clark case held that an officer and majority stockholder of a corporation could not treat the loss sustained by endorsing the corporation's notes to protect his investment as incurred in a trade or business. Respondent's activities in the case at bar were essentially similar to those of the taxpayer in the Clark case, except that respondent here was interested as an investor, manager, and creditor in a number of business enterprises. *But since each of these activities separately does not constitute a business, we cannot see how a combination of them spread over various businesses can alter the result.*" (Emphasis added.)

In the case at bar the evidence revealed that Miller and Henry Bronsther,

during the entire period from 1920 to the time of the trial, were engaged in the glass and decorating business, and later in the metal stamping, plating and finishing business, under the name, first, of Anchor Manufacturing Company, and then, also, of Burger Metal Products Incorporated, from which businesses, as their income tax returns reveal, they received almost all of their income.

In my opinion the losses sustained by the plaintiffs are not ordinary business losses, but, rather, capital losses sustained in their investments.

Accordingly, judgment is rendered in favor of the defendant, dismissing the complaints herein.

Submit proposed findings of fact and conclusions of law in conformity herewith.