ROY A. AND LEOLA McKNIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKnight v. Commissioner
Docket No. 22859-88
United States Tax Court
T.C. Memo 1990-69; 1990 Tax Ct. Memo LEXIS 69; 58 T.C.M. (CCH) 1390; T.C.M. (RIA) 90069; February 13, 1990; As amended February 15, 1990 John J. Collins, Jr., and Emily Cosner *70 Tobias, for the petitioners. Thomas M. Rath, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 23,593 in petitioners' Federal income tax for 1985 and an addition to tax of $ 5,898 pursuant to section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After a concession by respondent, the issues for decision are (1) whether petitioner-husband was engaged in a trade or business in 1985 for purposes of section 168 and, accordingly, is entitled to a full year's depreciation deduction; and (2) whether petitioners are liable for the addition to tax pursuant to section 6661. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Roy A. McKnight (petitioner) and Leola McKnight are husband and wife and resided in West Bloomfield, Michigan, at the time the petition in this case was filed. During 1985, petitioner served as chief *71 executive officer of Colt Industries Operating Corp., Haber Operations (Colt), for which he received compensation in the amount of $ 342,538.95. During 1985, petitioner was the vice president, secretary, treasurer, and a member of the Board of Directors of Hi-Vol Products, Inc. (Hi-Vol), for which he received compensation in the amount of $ 141,600. In 1984, petitioner served on the Board of Directors of Taylor Made Products, Inc. (Taylor Made), and received $ 16,125 as director's fees. Petitioner received no fees from Taylor Made in 1985. Petitioner sold 1,250 shares of Taylor Made stock in 1985 and reported $ 48,750 as gain from the sale. In 1985, petitioner owned a .0547-percent interest in the Carlyle Real Estate Limited Partnership-75 (Carlyle). Carlyle claimed depreciation deductions for financial statement purposes in the amount of $ 1,153,333 for the year ended December 31, 1985. Petitioner, in 1985, owned a .594-percent limited partnership interest in Petrotech Energy '75 Limited Partnership (Petrotech). Petrotech was engaged in a trade or business and claimed depreciation deductions in the amount of $ 24,207 for 1985. During 1985, petitioner participated in two *72 oil and gas ventures with Merrill Drilling Company (Merill). One of the ventures was in Michigan and the other was in Indiana. Petitioner entered into a written agreement with Merrill for each of the working interests he owned during 1985. One agreement was entered into in June 1985 and one in October 1985. In both agreements, the parties agreed to elect out of the provisions of Subchapter K of Chapter 1 of the Internal Revenue Code. In 1985, petitioner deducted $ 31,625 in intangible drilling costs and $ 1,487 in legal and other professional fees with respect to the ventures. On September 27, 1985, petitioner purchased a 5-percent interest in the First of Michigan Leasing Trust 1985-1 (Michigan Trust), a grantor trust formed as an investment vehicle for the purchase of certain computer equipment manufactured by Cray Research, Inc. The Purchase Agreement between Michigan Trust and First of Michigan Leasing, Inc. (Michigan Leasing), the seller of the equipment, was executed as of September 1, 1985. The Agreement of Lease between Michigan Trust, the lessor, and CIS Corporation, the lessee, was executed as of September 1, 1985. The Agreement of Lease commenced on September 1, 1985, and *73 was to expire on August 31, 1992. The computer equipment was placed in service on September 1, 1985, the date the first fixed rental payment was to be paid to Michigan Trust. On his 1985 Federal income tax return, petitioner claimed an Accelerated Cost Recovery System (ACRS) depreciation deduction in the amount of $ 61,710 with respect to his interest in the computer equipment. The depreciation deduction was based on 5-year recovery property with a basis of $ 411,400 and a 15-percent cost recovery percentage. Petitioner also claimed deductions for interest expense of $ 17,717, legal and other professional fees expense of $ 1,031, and "equity expenses" of $ 556. Respondent determined that petitioners were not entitled to the entire claimed depreciation on the computer equipment, but rather could claim only three-twelfths of the depreciation pursuant to the short taxable year provisions of section 168. Respondent now concedes that the property was placed in service in September 1985 and, accordingly, 4 months' depreciation is allowed. OPINION Section 168 established the ACRS system *74 of depreciating certain tangible personal property, i.e., "recovery property." The deduction allowable under section 168 is deemed to constitute the reasonable allowance for depreciation in a taxable year. Generally, the ACRS deduction for recovery property for any taxable year equals the aggregate amount determined by multiplying the unadjusted basis of the property by the applicable annual percentage rate. Under the ACRS system, personal property placed in service late in a taxable year may be eligible for the same amount of depreciation that would be allowed if the property had been placed in service at the beginning of the year. (The foregoing rules were changed by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2121.) Short Taxable Year
Respondent contends that petitioner is only entitled to four-twelfths of his claimed depreciation deduction pursuant to the "short taxable year" provision of former section 168(f)(5) as follows: In the case of a taxable year that is less than 12 months, the amount of the deduction under this section shall be an amount which bears *75 the same relationship to the amount of the deduction, determined without regard to this paragraph, as the number of months in the short taxable year bears to 12. In such case, the amount of the deduction for subsequent taxable years shall be appropriately adjusted in accordance with regulations prescribed by the Secretary. The determination of when a taxable year begins shall be made in accordance with regulations prescribed by the Secretary. * * * Respondent also relies on section 1.168-2(f)(4), Proposed Income Tax Regs., 49 Fed. Reg. 5940, 5947 (Feb. 16, 1984): For purposes of this section, a taxable year of a person placing property in service does not include any month prior to the month in which the person begins engaging in a trade or business * * * As of the time of this opinion, no final regulations have been issued. Petitioner asserts that he was engaged in a trade or business in 1985 and, accordingly, is entitled to the full year's depreciation deduction on the computer equipment. Prior to and during trial, respondent argued that, to avoid the short taxable year provisions of section 168(f)(5), a taxpayer must be engaged in the particular *76 trade or business in which the depreciable equipment was used. Respondent cited Larsen v. Commissioner, 89 T.C. 1229, 1278 (1987), on appeal (9th Cir., Dec. 12, 1988), and Greene v. Commissioner , T.C. Memo. 1988-331. At the conclusion of the trial, we tentatively agreed with respondent as a matter of law and directed seriatim briefs, with petitioners filing the opening brief. Petitioner's brief attached a copy of Tech. Adv. Mem. 8935002 (May 12, 1989), discussed below. Respondent's brief then conceded that the prior trade or business engaged in by petitioner need not be related to the one in which the equipment is used in order for petitioner to avoid section 168(f)(5). His brief did not even mention Larsen or Greene. The only question before us in this case, therefore, is whether any of petitioner's activities prior to and during 1985 constitute a trade or business for purposes of section 168. Respondent does not dispute that for some purposes a taxpayer may be engaged in a trade or business solely due to his activity as a director or officer of a corporation. Respondent asserts, however, that in the case of a claimed *77 depreciation deduction, as in the present case, an employee is not considered engaged in a trade or business by virtue of his employment. Respondent relies on section 1.168-2(f)(4), Proposed Income Tax Regs., 49 Fed. Reg. 5940, 5948 (1984), which states: "For purposes of applying the preceding sentence [the short taxable year provision] to an employee, an employee is not considered engaged in a trade or business by virtue of his employment"; and Example (4) of section 1.168-2(f)(6), Proposed Income Tax Regs., 49 Fed. Reg. 5940, 5948 (1984), illustrates the application of the regulation as follows: In July 1983, D, who has been an employee of Corporation N since 1982, purchases an automobile for use in the performance of his employment for N. On June 5, 1984, D purchases a truck for use in another business. D begins the new business on June 5, 1984. In 1984, D holds no other depreciable or recovery property for the production of income. D does not have a short taxable year for the automobile purchased in 1983 since the automobile is used by D in his trade or business as an employee. Since an employee is not considered engaged in a trade or business *78 by virtue of employment, however, for purposes of determining when a taxable year begins with respect to property not used in the trade or business of employment, D has a short taxable year in 1984 for the truck purchased in that year. The recovery allowance permitted D in 1984 with respect to the truck must be adjusted in accordance with the provisions of section 1.168-2(f). Respondent contends that the illustration in the proposed regulations is analogous to the present case because petitioner was not engaged in another trade or business within the meaning of the proposed regulations, other than his employment by the two corporations, Hi-Vol and Colt. Accordingly, respondent maintains that the short taxable year provision applies in the present case. Proposed regulations, however, "carry no more weight than a position advanced on brief by the respondent." F. W. Woolworth Co. v. Commissioner, 54 T.C. 1233, 1265-1266 (1970). Petitioner asserts that his activities as a corporate director constitute a "trade or business" for purposes of section 168. He relies on *79 Folker v. Johnson, 230 F.2d 906 (2d Cir. 1956); Mitchell v. United States, 408 F.2d 435 (Cl. Ct. 1969); Hochschild v. Commissioner, 161 F.2d 817 (2d Cir. 1947); Steffens v. Commissioner, 707 F.2d 478 (11th Cir. 1983); DePinto v. United States, 407 F. Supp. 1 (D. Ariz. 1975), affd. 585 F.2d 405 (9th Cir. 1978); and Tech. Adv. Mem. 8935002 (May 12, 1989). In Folker, the Court of Appeals for the Second Circuit held that a corporate officer who devoted his entire working time to his duties as a corporate officer and who received compensation in the form of a salary was engaged in the trade or business of rendering services for pay; accordingly, his salary was business income from which he could not deduct nonbusiness expenditures for purposes of computing his net operating loss carryback. 230 F.2d at 909. The Court of Claims in Mitchell held that, for purposes of section 162 of the Code, the taxpayer's activity of being a corporate official of his own corporation was his primary trade or business despite his participation and compensation received *80 for acting as an officer and director of other corporations. 408 F.2d at 439. In DePinto, the District Court held a taxpayer was not in the trade or business of being a corporate director for purposes of section 162, because he lacked a profit objective in such activity. 407 F. Supp. at 4. In Hochschild, attorney's fees incurred by a corporate director in defending a stockholder's derivative action were held deductible as necessary and reasonable expenses incurred in the trade or business of acting as a corporate director, an activity regularly carried on by the taxpayer. In Steffens, the Court of Appeals for the Eleventh Circuit held, under the facts there presented, that for purposes of determining whether a taxpayer was subject to the self-employment tax, "A director of a corporation is engaged in the business of performing those duties that devolve to him as a director of the corporation." 707 F.2d at 483. Finally, petitioner relies on Tech. Adv. Mem. 8935002 (May 12, 1989). We are aware that technical advice memoranda *81 have no precedential value and should not be cited as authority. Sec. 6110(j)(3). We may, however, in the absence of authority to the contrary, accept the reasoning of a technical advice memorandum as persuasive. In Tech. Adv. Mem. 8935002 (May 12, 1989), the taxpayer was an employee and sole shareholder of two S corporations, a partner in general and limited partnerships, and a director of a company. On or about December 1, 19X1, the taxpayer, acting in concert with a small group of other taxpayers, purchased an undivided interest in computer equipment that was then leased to a variety of lessees. On his Federal income tax return for 19X1, the taxpayer claimed a full year recovery deduction under ACRS. On audit, the Internal Revenue Service District Office (District Office) took the position that the short taxable year rules of former section 168(f)(5) applied to the taxpayer and, as a result, the taxpayer's ACRS deduction was reduced by eleven-twelfths. The Internal Revenue Service National Office (National Office) determined that the taxpayer's ACRS deduction was not subject to the short taxable year rules of former section 168(f)(5). The National Office reasoned *82 that in the absence of final or temporary regulations under section 168, and in light of the conceptual similarities underlying sections 167 and 168, the regulations under section 167 provide guidance with respect to determining whether a short taxable year exists under section 168. Section 1.167(a)-11(c)(2)(iv), Income Tax Regs., provides that a taxpayer should not receive a depreciation deduction for any month before the month in which the taxpayer begins engaging in a trade or business or holds depreciable property for the production of income. The issue thus became "whether a taxpayer may be subject to the restrictive short taxable year provisions of paragraphs (b), (c), and (d) of section 1.167(a)-11(c)(2)(iv) of the regulations, with respect to specific depreciable property, by virtue of a year-long unrelated business activity." In Tech. Adv. Mem. 8935002 (May 12, 1989), the National Office concluded that: An affirmative response can be drawn from a literal reading of paragraphs (b), (c), and (d) [of the regulations under section 167] *83 which do not specify that the business activity must be related to the subject property later placed in service. We believe that the wording of the section 167 regulations and the intent of section 168 more reasonably support the conclusion that the operative business activity may be unrelated to depreciable property later placed in service by a taxpayer. There is no indication in the section 167 regulations that the property has to be related. While the administrative burden on some taxpayers in some cases may require a relationship, a reasonable interpretation of section 168(f)(5), in this case, does not require that the property be related until or unless relevant section 168 regulations so provide. Related paragraphs (b), (c), (d)(1), and (d)(2) [of the section 167 regulations] serve a meaningful function, and when read as an integrated whole, support a conclusion that does not require a relationship between the prior business activity and the subject depreciable property. Taxpayer, as a director, actively engaged in the management of real estate during all of [19X1]. The facts demonstrate that Taxpayer was already engaged in a business prior to [December 1, 19X1], *84 when he purchased an undivided interest in the computer equipment. Based on the information provided, this business activity extended throughout [19X1]. Whether an activity is a trade or business may vary from one case to another depending on which section of the Code is involved. See Commissioner v. Groetzinger, 480 U.S. 23, 27 (1987). We see no principled distinction, however, between the facts in this case and those in the cases relied on by petitioner. By contrast, the example in the proposed regulation describes a person only as an employee. There is no indication that the result would or should be the same if the person were also an officer or director and thus had significant management responsibilities of the sort described in the technical advice memorandum. Respondent has conceded the issue on which we had previously indicated an inclination to agree with his position. He now attempts to require an unspecified degree of "continuous and regular involvement in the affairs of a corporation" as the element determining whether a corporate director is engaged in a trade or business. On this record, and using that criterion, we are persuaded that petitioner *85 was engaged in a trade or business in 1985 prior to his investment in the depreciable equipment and is entitled to a full year's depreciation under ACRS. Our conclusion makes unnecessary consideration of petitioner's other arguments, i.e., that he was engaged in the trades or businesses of his limited partnerships, oil and gas exploration ventures, or that he held depreciable property for the production of income. Our decision also makes unnecessary consideration of the addition to tax under section 6661. Decision will be entered under Rule 155.