999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. OSTERHUS; Caryl A. Osterhus, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1019.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 James L. Osterhus and his wife, Caryl A. Osterhus, appeal pro se from a tax court judgment that denied their petition for a redetermination of deficiencies involving their 1985 and 1986 income taxes. Their appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The IRS initially determined that there had been a $959.00 deficiency in the Osterhuses' 1985 income taxes as well as a $4,391.20 deficiency in their 1986 income taxes. The 1985 deficiency was subsequently reduced by $30.00. In their petition, the Osterhuses ("taxpayers") alleged that the IRS had "disallowed, or not considered, losses and deductions for Net Operating Losses and office-in-home deductions." A hearing was held on these issues, and the tax court entered a decision in favor of the Commissioner on September 30, 1992.
 
 
 4
 The court agreed with the Commissioner's primary contention and found that the taxpayers did not have a net operating loss ("NOL") for 1984. In so ruling, the court rejected the taxpayers' argument that Mr. Osterhus's salary had not been "business income" for purposes of calculating their NOL. Thus, the court found that it was not necessary to reach the Commissioner's alternative argument that the taxpayers' claimed NOL could not be carried forward to 1985 and 1986 because they had not elected to do so in 1984. The court also found that the taxpayers were not entitled to previously undeclared home office deductions for 1985 and 1986 because they had not used the disputed portions of their residence exclusively for a business purpose. The taxpayers now appeal.
 
 
 5
 Upon review, we conclude that the tax court properly determined that the taxpayers did not have an NOL in 1984, because their nonbusiness deductions are limited to the amount of their nonbusiness income. See 26 U.S.C. § 172(d)(4). This is so, despite the taxpayers' erroneous assertion that Mr. Osterhus's salary was nonbusiness income. See Folker v. Johnson, 230 F.2d 906, 909 (2d Cir.1956). Thus, the tax court properly declined to reach the issue of whether the alleged NOL could be carried forward to 1985 and 1986. Finally, it cannot be said that the taxpayers were entitled to a home office deduction because the tax court's finding that they had not used the disputed area exclusively for their rental business is not clearly erroneous. See 26 U.S.C. § 280A(c)(1)(A); Langer v. Commissioner, 980 F.2d 1198, 1199 (8th Cir.1992) (per curiam).
 
 
 6
 Accordingly, the tax court's judgment is affirmed for the reasons well-stated in its memorandum opinion dated September 28, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, U.S. District Judge for the Middle District of Tennessee, sitting by designation